ROBERT G. GILL, individually and as administrator,[1] vs.
NORTH SHORE RADIOLOGICAL ASSOCIATES, INC.

Middlesex. December 9, 1981. — February 1, 1982.

Present: HENNESSEY, C.J., WILKINS, LIACOS, & O'CONNOR, JJ.

Damages, Interest. Interest.

Interest on a judgment against a party was to be computed "from the date
of the commencement of the action," as provided in G. L. c. 231,
§ 6B, and not from the later date on which the plaintiff's claim against
the party was first asserted in an amended substitute complaint.
[181-183]

CIVIL ACTION commenced in the Superior Court on February 26, 1975.

Following review by the Appeals Court reported at 10
Mass. App. Ct. 885 (1980) and the issuance of a rescript by
that court, judgment was entered by Mitchell, J.

The Supreme Judicial Court granted the plaintiff's request for direct appellate review of that judgment.

William H. Shaughnessy for the plaintiff.

John F. Finnerty, Jr., for the defendant.

O'CONNOR, J.  A complaint was filed February 26, 1975,
seeking damages for personal injuries and wrongful death of
the plaintiff's intestate wife.  The complaint also asserted a
claim for purported "consequential damages" on behalf of
the estate.  The named defendant was John B. MacDonald.[2]
On May 18, 1978, an amended substitute complaint was filed
by leave of court asserting for the first time a claim on be-

---

[1] Estate of Alice Gill.

[2] The action against MacDonald was subsequently discontinued and he
is not a party to this appeal.

half of the plaintiff, individually, for loss of consortium.[3] Thereafter, North Shore Radiological Associates, Inc. (North Shore), was added as a defendant and a further amended complaint against MacDonald and North Shore was filed by leave of court, including the plaintiff's individual claim for loss of consortium.

A Superior Court jury awarded $438,000 to the plaintiff, $300,000 of which was for loss of consortium. Of the $300,000 loss of consortium award, $200,000 was remitted following the trial judge's order on North Shore's motion for a new trial. North Shore's motion for judgment notwithstanding the verdicts or for a new trial was denied. North Shore appealed from the ensuing judgment, and the Appeals Court affirmed the judgment. 10 Mass. App. Ct. 885 (1980). The parties filed an agreement for judgment and judgment satisfied as to all counts except the count alleging loss of consortium. The plaintiff moved for judgment on that count with interest from the date of the original complaint, February 26, 1975, but a Superior Court judge ordered the entry of judgment on that count with interest from the date that the plaintiff first asserted a claim for loss of consortium, May 18, 1978. The plaintiff appealed, and we allowed his application for direct appellate review.

General Laws c. 231, § 6B, as amended through St. 1974, c. 224, § 1, provides as follows: "In any action in which a verdict is rendered or a finding made or an order for judgment made for pecuniary damages for personal injuries to the plaintiff or for consequential damages, or for damage to property, there shall be added by the clerk of the court to the amount of damages interest thereon . . . from the date of commencement of the action . . . ." The parties have neither briefed nor argued the question whether damages for loss of consortium come within this statute, and they appear to assume that damages for consortium do come within this statute. We make the same assumption. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 919 (1975).

[3] It is immaterial to the result we reach whether the plaintiff was a party in any capacity prior to May 18, 1978.

The question before us is whether the statutory words, "from the date of commencement of the action" are to be interpreted literally or to mean from the date the plaintiff complained to the court of his injury. We conclude that the words are to be interpreted literally and that the judge's order, in so far as it provided for interest from May 18, 1978, rather than February 26, 1975, was erroneous.

In *Bernier* v. *Boston Edison Co.*, 380 Mass. 372 (1980), Arthur Bernier, Jr., commenced actions against Alice Ramsdell and John Boireau in 1972. In 1974 he commenced a separate action against Boston Edison Company (Edison). Patricia Kasputys commenced an action against Ramsdell and Boireau in 1972, and in 1974 added Edison as a defendant. The jury returned verdicts clearing Boireau but holding Ramsdell and Edison liable, and Edison appealed. *Id.* at 376. One of Edison's contentions was that it was error to calculate the interest on Kasputys' recovery from the date of the original writ in 1972. Edison claimed that interest should run only from the date in 1974 when Edison became a defendant. We held that the language of G. L. c. 231, § 6B, is to be taken literally and that the clerk's computation was correct. Edison's contention would have required us to interpret the words "from the date of the commencement of the action" to mean from the date the plaintiff complained to the court that the particular defendant was responsible for her injuries. This we refused to do. *Id.* at 387-390.

North Shore seizes upon the following language appearing in *Bernier, supra* at 388: "[T]he statute seems to yield to the belief that a plaintiff should not be favored with interest until he has complained to the court of the injury." In *Bernier* the plaintiff Kasputys did not contend that she was entitled to interest before she complained to the court of her injury, and therefore that case did not deal directly with the issue before us.

The thrust of *Bernier* was that G. L. c. 231, § 6B, is to be taken literally. We observed, *id.* at 389-390, that "Bernier chose to commence a separate action against Edison in May,

1974, instead of attempting to add it as a defendant to his pending action against Ramsdell and Boireau. Here interest runs from the 1974 date. The difference in the results has the appearance of anomaly, but it is faithful to the terms of the statute."

We remain faithful to the terms of the statute. Our decision is faithful also to Mass. R. Civ. P. 15 (c), 365 Mass. 761 (1974), and *Walsh* v. *Curcio*, 358 Mass. 819 (1971). Rule 15 (c) provides that when a claim asserted in an amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment (including an amendment changing a party) relates back to the original pleading." In *Walsh, supra,* we held that the addition of a plaintiff, after the statute of limitations had run, to an action that had been timely brought, was proper.

The judgment of the Superior Court judge that interest is to be computed from May 18, 1978, is reversed. The case is remanded to the Superior Court for the entry of judgment consistent with this opinion.

*So ordered.*