RICHARD A. CAMPANA *vs.* BOARD OF DIRECTORS OF THE
MASSACHUSETTS HOUSING FINANCE AGENCY & another.[1]

Suffolk.   December 3, 1986. — March 23, 1987.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Public Employment,* Termination, Retirement. *Administrative Law,* Hear-
ing. *Practice, Civil,* Counsel fees, Notice to admit facts. *Words,* "State
official."

A member of the State retirement system, who had been employed as an
office manager by the Massachusetts Housing Finance Agency, was
entitled, under provisions of G. L. c. 32, § 16 (2), to a hearing before
that agency's retirement board prior to the termination of his employment.
[499-500]

In an action by a member of the State retirement system challenging the
validity of the termination of his employment by the Massachusetts
Housing Finance Agency, a judge was not plainly wrong in concluding
that the plaintiff, who had been hired by the agency as a mortgage
analyst and who held the position of office manager at the time his
services were terminated, was not an "official of any political subdivision
. . . for which provision is otherwise made" within the meaning of G. L.
c. 32, § 16 (5), and that, consequently, he was entitled to the employment
protection provided by G. L. c. 32, § 16. [500-501]

A member of the State retirement system who was discharged from his
employment without being afforded the hearing to which he was entitled
under G. L. c. 32, § 16 (2), was to be reinstated with back pay from
the date of his ineffective termination, and a purported hearing held by
his employing agency's retirement board, in contravention of a judge's
reinstatement order, was without effect. [501-502]

In an action by a member of the State retirement system challenging the
validity of the termination of his employment by the Massachusetts
Housing Finance Agency, the judge did not abuse his discretion in
awarding the plaintiff the additional attorney's fees he incurred as the
result of the agency's refusal to admit, pursuant to Mass. R. Civ. P.
36, facts establishing the plaintiff's status as a veteran and his term of
creditable service, where these facts were stipulated by the parties on
the first day of trial. [502-503]

[1] Retirement Board of the Massachusetts Housing Finance Agency.

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on March 6, 1986.

The case was heard by *Liacos, J.*

*Wade M. Welch* (*Nancy F. Gans* with him) for the defendants.

*Christopher Pilavis* for the plaintiff.

ABRAMS, J. The plaintiff, Richard A. Campana, was terminated from his employment with the Massachusetts Housing Finance Agency[2] (MHFA) on August 15, 1979. At that time, the plaintiff was a member of the contributory retirement system for public employees. G. L. c. 32 (1984 ed.). Members of this system who are "employees,"[3] and meet certain age and length-of-service requirements, are entitled to various rights on retirement, removal, or discharge.[4] G. L. c. 32, § 16. Because the plaintiff is a veteran and has served more than ten years' "creditable service,"[5] he met the basic requirements necessary for entitlement to the rights provided in § 16 of G. L. c. 32. The primary issues presented here are (1) whether the plaintiff is an employee who is entitled to the procedural protections outlined in c. 32; and (2) if he is entitled to these protections, what is the appropriate remedy for the violation

---

[2] This agency was created by St. 1966, c. 708. The employees of the MHFA were added to the contributory retirement system in 1973. See St. 1973, c. 1003.

[3] General Laws c. 32, § 1, as amended through St. 1973, c. 1003, § 1, states that, "'[e]mployee,' as applied to persons whose regular compensation is paid by the Massachusetts Housing Finance Agency, shall mean any person, including members of the agency, whether employed for a stated term or otherwise, who is engaged in duties which require that his time be devoted to the service of the agency in each year during the ordinary working hours of regular and permanent employees."

[4] Certain employees are excepted from the protection of this statute in G. L. c. 32, § 16 (5) (1984 ed. & 1985 Supp.). See Appendix for the text of this provision.

[5] "Veteran" is defined in G. L. c. 32, § 1, and in c. 4, § 7, Forty-third (1984 ed.). General Laws c. 32, § 1, defines "creditable service" as "all membership service, prior service and other service for which credit is allowable to any member." While the defendants initially contested whether the plaintiff was a veteran and whether the plaintiff had served more than ten years' creditable service, the parties stipulated to this issue at trial.

of these provisions. Both the judge who heard his action for declaratory relief in the Superior Court and a single justice of this court ruled that the provisions of G. L. c. 32, § 16, apply to the plaintiff and that the appropriate remedy is reinstatement. We agree. We affirm those rulings and remand this matter to the Superior Court for a hearing on damages.

The plaintiff was hired originally by the MHFA as a mortgage analyst in 1971. In the spring of 1978, the plaintiff changed positions within the MHFA and assumed the position of office manager. As office manager, the plaintiff worked under both the special assistant to the executive director and the executive director. In 1979, a series of disputes arose between the plaintiff and the executive director of the MHFA. As a result of these disputes, in August, 1979, the director sent a notice of termination to the plaintiff which detailed the reasons for his discharge.

The plaintiff responded to the director's charges by letter shortly after he was terminated. In addition, the secretary of the MHFA retirement board advised the plaintiff that he had the right to request a hearing before the retirement board.[6] The plaintiff also was advised of his right to seek review of any action taken by the retirement board in a District Court.

Initially, the plaintiff sought a review of his termination by the board of directors of the MHFA. The plaintiff's attorney made a presentation before the board of directors on September 16, 1980. The transcript of the directors' meeting indicates that the board concluded that the plaintiff's only avenue of relief was through the courts.[7] Approximately eighteen months later, in March of 1982, the board of directors notified the

---

[6] General Laws c. 32, § 16 states that before the employee has a right to request a hearing, a "fair summary of the facts upon which such action was based" must be filed with the retirement board by the head of the department. See Appendix for relevant provisions of G. L. c. 32, § 16.

[7] This conclusion is contrary to the statutory provisions concerning relief from discharge. See Appendix. The statute provides that first the plaintiff may seek relief from the retirement board. If the board fails to act, the plaintiff may appeal to the contributory retirement appeal board as provided in § 16 (4). See *Bagley* v. *Contributory Retirement Appeal Bd.,* 397 Mass. 255 (1986).

plaintiff that it was the board's position that he was properly discharged and that the board would take no further action.

In May of 1980, the plaintiff's attorney also requested a hearing before the retirement board of the MHFA pursuant to G. L. c. 32, § 16 (2). On October 7, 1980, the retirement board met and voted[8] not to grant the plaintiff a hearing. The board's position was that the matter was not within its authority. Moreover, the retirement board determined that because the MHFA board of directors had decided not to take action on the plaintiff's request for reinstatement, it would not be appropriate for the retirement board to overrule that judgment. The retirement board notified the plaintiff of its decision by letter dated October 8, 1980.

The plaintiff accepted another position in March of 1981 with the Committee on Criminal Justice of the Commonwealth. The plaintiff worked in this position for one year. The salary was approximately the same as the plaintiff had been earning at the MHFA. In the spring of 1982, the plaintiff took a leave of absence from the Committee on Criminal Justice to run for a seat on the Governor's Council. The plaintiff has not, as of the date of the record, sought reinstatement with the Committee on Criminal Justice.[9]

In a letter dated March 2, 1982, the chairman of the board of directors of the MHFA sent written notice to the plaintiff of the board's refusal to take any further steps regarding his dismissal. In response to this letter, the plaintiff instituted an action for declaratory relief in the Superior Court on March

---

[8] Two of the three members of the retirement board were members of the board of directors of the MHFA. The chairman of the board of directors was also the chairman of the retirement board. The other member of both boards was present at the September, 1980, meeting of the board of directors in which the decision was made not to take any action on the plaintiff's termination. The retirement board's decision to deny the plaintiff's request for a hearing was passed by a vote of two of the board's members, with one member abstaining. The two voting members were the members of both boards.

[9] There was evidence that the plaintiff has not sought reinstatement at this position because of funding cuts at the Committee on Criminal Justice.

3, 1982.[10] See G. L. c. 231A (1984 ed.). On June 25, 1982, the plaintiff moved for summary judgment asserting that, as a matter of law, he was entitled to the procedural protections set out in G. L. c. 32, § 16. After hearing, this motion was denied. The motion judge ruled that questions of fact existed concerning the plaintiff's status as a veteran and his years of creditable service.[11]

In June, 1983, the matter went to trial. The trial lasted two days and, in August, the judge rendered his decision. Because the parties stipulated at the outset of the trial that the plaintiff was a veteran with ten or more years of creditable service, the primary focus of the trial was on the nature of the plaintiff's duties and the scope of the plaintiff's authority at the MHFA. There is no dispute as to the plaintiff's job title. The trial judge found that, as office manager, the plaintiff did not have supervisory authority. Because the plaintiff was an employee who lacked authority and responsibility and was required to report to one or two supervisors who possessed the authority and responsibility for the job, the judge concluded that, as a matter of law, the provisions of G. L. c. 32, § 16, were applicable and that the plaintiff was entitled to a hearing before the retirement board of the MHFA.[12] The trial judge also concluded

---

[10] The complaint subsequently was amended, adding a demand for reinstatement, back wages, interest and costs, pursuant to G. L. c. 249, § 5 (1984 ed.). In addition, the plaintiff sought money damages to compensate for the loss of medical and hospital insurance benefits. Finally, the plaintiff sought attorney's fees pursuant to G. L. c. 231, § 6F (1984 ed.) and Mass. R. Civ. P. 36, 365 Mass. 795 (1974).

The plaintiff also instituted a civil rights action in Federal court against some of the same defendants. A jury returned verdicts for the defendants. The judgment was affirmed on appeal. See Campana v. Eller, 755 F.2d 212 (1st Cir. 1985).

[11] Because the defendants disputed material facts, the motion judge could not rule on the merits of the motion for summary judgment. Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974).

[12] The trial judge further noted that the right of review by the District Court provided by G. L. c. 32, § 16 (3), was not applicable at this stage of the proceedings because the retirement board had not taken any action or rendered a decision. Thus, there is no written report which could be certified for review in the District Court. See G. L. c. 32, §§ 16 (2) and 16 (3). This ruling comports with the holding in Bagley v. Contributory Retirement Appeal Bd., 397 Mass. 255, 257-258 (1986).

399 Mass. 492                                                    497

Campana *v.* Board of Directors of the Massachusetts Housing Finance Agency.

that the plaintiff's termination was ineffective, and that the plaintiff was entitled to reinstatement without loss of pay. The judge ruled that a hearing should be held to determine the plaintiff's damages. Finally, the judge determined that the plaintiff was entitled to legal fees pursuant to Mass. R. Civ. P. 36. See Mass. R. Civ. P. 37, as amended, 390 Mass. 1208 (1984).

The defendants have never complied with the decision of the Superior Court. After trial, despite the findings and conclusions of the trial judge, the MHFA did not reinstate the plaintiff.[13] Instead, one month after the judge's ruling, the board of directors filed with the retirement board a "fair summary of facts" on which the plaintiff's termination was based. That summary was not filed by the appropriate authority, as required by § 16 (1), (2). See Appendix. Nevertheless, without further action by the Superior Court judge, the retirement board held a hearing on October 13, 1983. The plaintiff appeared at the hearing and argued that the retirement board did not have jurisdiction over the matter.[14] The board ruled that jurisdiction was proper without deliberating on the issue. In conducting the hearing on the merits, the board decided that the plaintiff would not have the right to cross-examine witnesses. At that point, the plaintiff and his attorney refused to participate in the proceeding and left the hearing. The board held the hearing despite the plaintiff's absence, and the only witness was the plaintiff's supervisor, the executive director of the MHFA at

---

[13] The parties filed notices of appeal from the judgment of the Superior Court. Neither party perfected an appeal, nor sought to expedite the appeal. Moreover, the defendants could have sought other avenues of review of the Superior Court order, including an interlocutory appeal pursuant to G. L. c. 231, § 118, first par. (1984 ed.), or a request that the judge report the case pursuant to Mass. R. Civ. P. 64, 365 Mass. 831 (1974).

[14] The plaintiff argued that the notice of hearing sent him was defective. First, the plaintiff argued that the board of directors of MHFA did not delegate the authority to the chairman or his attorney to send that notice to the retirement board. Second, the plaintiff asserted that the notice itself did not fulfil the requirements of the statute.

The plaintiff also argued in his complaint in the Boston Municipal Court and also before the single justice that the hearing amounted to a collateral attack on the order of the Superior Court and therefore was barred by the principles of res judicata.

the time of the plaintiff's discharge. The director stated his reasons for terminating the plaintiff. The hearing was concluded after this testimony.

Because the plaintiff was not present at the hearing, in a letter dated the same day as the hearing, the retirement board requested that the plaintiff submit any material which he wanted the retirement board to consider in making its decision. The letter stated that the retirement board would render a decision on October 28, 1983. Without notice to the plaintiff, on October 26, 1983, the retirement board met and voted that the removal of the plaintiff was justified. Because of this determination, the defendants have not reinstated the plaintiff.

After the retirement board rendered its decision, the plaintiff sought review of the matter pursuant to G. L. c. 32, § 16 (3), in the Boston Municipal Court. At that same time, the defendants filed various motions in the Superior Court seeking to persuade the trial judge to reconsider his rulings in light of the action of the retirement board. No action has been taken on these motions.[15]

·Against this background, the plaintiff commenced an action under G. L. c. 211, § 3 (1984 ed.), for extraordinary relief from a single justice of this court. The single justice reviewed the findings and conclusions of the trial judge. The single justice concluded that there was no error in these findings and conclusions, see *infra* at 501-504, and ruled that the plaintiff's discharge was not effective because the defendants did not comply with G. L. c. 32, § 16. Moreover, the single justice

---

[15] In addition, while there had been no hearing on damages, as required by the ruling of the Superior Court judge, the defendants moved to consolidate the action in the Boston Municipal Court with the Superior Court action. Pursuant to the Court Reorganization Act, G. L. c. 211B, inserted by St. 1978, c. 478, § 110, the cases may be consolidated and assigned to one judge for trial. See *Konstantopoulos* v. *Whately,* 384 Mass. 123, 129 (1981); *Pinkowitz* v. *Edinburg,* 22 Mass. App. Ct. 180, 185-186 (1986). Under the Act, in the interests of "the speedy dispatch of judicial business," the Chief Administrative Justice of the Trial Court may assign judges from one Trial Court department to another Trial Court department or from one division of a Trial Court department to another division of the same department. G. L. c. 211B, § 9 (1984 ed.).

399 Mass. 492                                      499

Campana *v.* Board of Directors of the Massachusetts Housing Finance Agency.

concluded that the plaintiff is entitled to benefits and back pay, with interest, from the date of the ineffective discharge to the present. The single justice also agreed with the trial judge in the award of attorney's fees pursuant to Mass. R. Civ. P. 37 (c). Finally, the single justice ruled that the hearing held by the retirement board was without legal basis and thus the plaintiff's action in the Boston Municipal Court could not be maintained. The single justice ordered the case transferred to the Superior Court for the hearing on damages.

The defendants appeal from the memorandum and order of the single justice.[16] The defendants argue that the plaintiff was not entitled to a hearing under G. L. c. 32 because he was hired as a "professional [or] business adviser[ ]."[17] The defendants also argue that even if the plaintiff were entitled to a hearing, the appropriate remedy at this time would not be reinstatement, but instead the holding of the hearing. Finally, the defendants contend that the award of attorney's fees pursuant to Mass. R. Civ. P. 36 was erroneous. We find no merit in these contentions.

The determination whether the plaintiff is entitled to a hearing upon his termination with the MHFA is controlled by the plain language of the contributory retirement act. *Nationwide*

---

[16] Although the defendants' notice of appeal indicated that they sought review of the single justice's memorandum and order, their brief indicates that they seek relief from the order of the single justice and the decision of the trial judge. The parties have come before us without the damages hearing having been held, thus, final judgment has not been entered in the Superior Court. As a general rule, this court will not review the matter until the entire case is ripe for review due to the burdensome nature of "piecemeal appellate review." *Cappadona* v. *Riverside 400 Function Room, Inc.,* 372 Mass. 167, 169 (1977). But in the interest of efficient administration of justice, and in the exercise of our power under G. L. c. 211, § 3, we consider the issues raised concerning the rulings of the single justice and the Superior Court judge.

[17] The act which created the MHFA, St. 1966, c. 708, empowers the agency to "[e]mploy an executive director and such other agents, employees, professional and business advisers as may from time to time be necessary in its judgment and to fix their compensation. The executive director, professional advisers and business advisers shall not be subject to the provision of chapter thirty-one or section nine A of chapter thirty." St. 1966, c. 708, § 4 (*k*).

*Mut. Ins. Co.* v. *Commissioner of Ins.,* 397 Mass. 416, 420 (1986). *Conroy* v. *Boston,* 392 Mass. 216, 219 (1984). See Appendix. Section 16 (2) provides that the removal or discharge of any member[18] of the State retirement system "shall not become effective *unless and until"* written notice containing "a fair summary of the facts" has been filed by the head of the department with the retirement board (emphasis added). The only exception to the protections of this section is provided in § 16 (5) which states that right of an employee to a hearing before the retirement board or to review in the District Court shall not apply to "the removal or discharge of any state official or of any official of any political subdivision . . . for which provision is otherwise made."

While the term "official" is not defined in the act, the term "State official" is defined in G. L. c. 32, § 1, as "any person appointed by the governor to a position in the service of the commonwealth." We have interpreted the scope of § 16 (5) in *Welch* v. *Contributory Retirement Appeal Bd.,* 343 Mass. 502 (1962), and *Chartrand* v. *Registrar of Motor Vehicles,* 347 Mass. 470 (1964). In *Welch,* the plaintiff was removed from his position as director of public works in Medford. We determined that Welch's position was "of sufficient importance to come within the ambiguous term 'official,' as used in § 16 (5)." *Welch, supra* at 509. Moreover, we noted that "one reason for the use of the word 'official' in § 16 (5) may have been to limit the application of § 16 (5) to key officers." *Id.* at 510. Using a similar analysis in *Chartrand,* we concluded that the plaintiff, who was an examiner of applicants for motor vehicle licenses, was entitled to the protections of § 16 because he was not a "State official" as defined in § 16 (1). *Chartrand, supra* at 476.

The defendants argue that these cases mandate the finding that the plaintiff was an "official . . . for which provision is otherwise made." We do not agree. It is uncontested here that

---

[18] A member must meet the requirements as to length of service and age to qualify under this section. See Appendix. The parties have stipulated that the plaintiff does meet these requirements.

399 Mass. 492                                    501

Campana *v*. Board of Directors of the Massachusetts Housing Finance Agency.

the plaintiff was hired by the MHFA as a mortgage analyst and there is no evidence that the plaintiff was appointed to this position by the Governor. The parties agree that the plaintiff's title was office manager. In his findings of fact, the Superior Court judge found that the position as office manager was not one which entailed significant authority or responsibility. Instead, the judge found that the two supervisors of the plaintiff had the primary responsibility. Based on these findings, the judge concluded that the plaintiff was covered by G. L. c. 32, § 16, and entitled to a hearing. The judge's findings are not clearly erroneous and are amply supported by the record. See *Freyermuth* v. *Lutfy,* 376 Mass. 612, 615 (1978). See also Mass. R. Civ. P. 52 (a), 365 Mass. 816 (1974). Further, we agree with the judge's ultimate determination that, under the statute, the plaintiff was entitled to a hearing after proper notice.[19]

According to the statute, the plaintiff's discharge is ineffective because he was denied a hearing on his removal. G. L. c. 32, § 16 (2). The trial judge concluded that the proper remedy included the reinstatement of the plaintiff. Because the plaintiff's termination was ineffective under the statute, he must be reinstated, and he is entitled to back pay from the date of his ineffective termination. See *Bagley* v. *Contributory Retirement Appeal Bd.,* 397 Mass. 255, 258-259 (1986); *Chartrand, supra* at 476.

Instead of reinstating the plaintiff as ordered by the Superior Court judge, the defendants sought a hearing before the retirement board. The trial judge's order, however, required that

---

[19] The defendants argue that the trial judge's subsidiary finding that the plaintiff was a "professional" or "business" advisor requires the conclusion that the provisions of § 16 do not apply to the plaintiff's discharge. The terms "professional" and "business" advisor are not defined anywhere in the act creating the MHFA. See St. 1966, c. 708. A determination that an individual is such an advisor does not require the conclusion that the provisions of G. L. c. 32, § 16, are inapplicable. The applicability of these provisions depends on the facts found by the trier of fact and the statutory language of § 16 (5). It is not the title of the position that is determinative, but the duties and scope of responsibility of the employee which are the critical inquiries.

the plaintiff was to be reinstated until proper notice, complying with the statutory requirements, was given. The defendants disregarded the judge's ruling. As the single justice concluded, the hearing held in contravention of the trial judge's order was a "nullity." [20] It also follows that the action initiated in the Boston Muncipal Court cannot be maintained.

The defendants challenge the award of attorney's fees under Mass. R. Civ. P. 36. See Mass. R. Civ. P. 37. The defendants argue that their denial to the request for admission of the plaintiff's status as an "employee," as defined by the statute, was crucial to their good faith defense and thus the trial judge erred in awarding attorney's fees on that basis. It appears in the record that the trial judge awarded attorney's fees pursuant to rule 36 not because of the defendants' denial that the plaintiff was an employee, but because the defendants failed to admit that the plaintiff is a veteran who had worked the requisite number of years of creditable service. [21]

The board of directors denied the request for admission of the facts that would have established the plaintiff's status as a veteran and his term of creditable service. The retirement board refused to answer the plaintiff's request for admission as to these facts on the ground that the records provided to the

---

[20] In addition, as outlined by the plaintiff, the notice and summary filed by the defendants did not comply with the statutory mandates. See note 14, *supra*. The statute requires that the "head of a department" file with the retirement board a fair summary of the facts upon which the removal is based. G. L. c. 32, §§ 16 (1), 16 (2). Here the board of directors or chairman of the board, through counsel, filed notice which consisted of a letter written by the board of directors' secretary and a memorandum written by the plaintiff's supervisor to the board of directors, not the retirement board, concerning the plaintiff's termination. According to the record, the plaintiff's supervisor has never filed any sort of summary concerning this incident with the retirement board. See *Duncan* v. *School Comm. of Springfield,* 331 Mass. 738, 741 (1954) (provisions of comprehensive scheme set out in c. 32, § 16,. were strictly interpreted and applied by the court).

[21] The trial judge specifically denied the plaintiff's request for attorney's fees pursuant to G. L. c. 231, § 6F, which permits the recovery of fees in frivolous actions, because the primary issue at trial involved whether the plaintiff was an "employee" or an "official . . . for which provision is otherwise made." The trial judge found that this defense was raised in good faith.

399 Mass. 492                                    503

Campana *v.* Board of Directors of the Massachusetts Housing Finance Agency.

plaintiff speak for themselves. The purpose of admissions pursuant to Mass. R. Civ. P. 36 is "to define and limit the matters in controversy between the parties." 8 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2252, at 704-705 (1970 & 1986 Supp.). See *Reynolds Aluminum Bldg. Prods. Co.* v. *Leonard,* 395 Mass. 255, 261 (1985). The rule promotes both economy and judicial administration. By admitting to facts which will not be disputed at trial, parties are relieved of the cost of proving such facts. More importantly, admissions reduce the time necessary to try a case and may render a trial unnecessary if the matter can be resolved by summary judgment.

The defendants' responses to the plaintiff's requests caused the plaintiff needless expense in preparing to prove facts which were stipulated to on the first day of trial. Rule 37 "affords a judge broad discretion to impose whatever sanctions are just in order to ensure that the discovery process operates efficiently." *Corsetti* v. *Stone Co.,* 396 Mass. 1, 26 (1985). See *Partlow* v. *Hertz Corp.,* 370 Mass. 787, 790 (1976). We find no abuse of discretion in the imposition of attorney's fees on these facts.[22]

In sum, the plaintiff is entitled to a judgment declaring that the provisions of G. L. c. 32, § 16, are applicable to any action commenced by the MHFA to terminate his employment. The plaintiff is also entitled to be reinstated to his position as office manager "unless and until a written notice . . . containing a fair summary of the facts has been filed with the retirement board" by the then head of the department. The hearing held by the retirement board is of no legal effect and the action in

---

[22] The plaintiff also argues that the judge erred in failing to award attorney's fees pursuant to G. L. c. 231, § 6F. The trial judge found that the defendants' claims were advanced in good faith. See note 21, *supra.* While some of the defendants' actions may have resulted in substantial delays and confusion, the trial judge did not find an award pursuant to c. 231, § 6F, appropriate. There is no reason to disturb this ruling. See *Bagley, supra* at 259-260 & n.7.

the Boston Municipal Court to review the board's decision is to be dismissed.[23]

If this is a nightmare for the defendants, it is one of their own making. Most of the delay in this case is attributable to the actions taken by the defendants after discharge, during the discovery process, at the motion for summary judgment, and after trial in the Superior Court. The case is transferred to the Superior Court for a determination of damages, as the plaintiff is entitled to back wages from the date of the ineffective termination to the present, plus interest.[24] A declaration is to be entered in the Superior Court in accordance with this opinion.

*So ordered.*

---

[23] The plaintiff argues that, because he has been forced to bring suit to establish his rights under § 16 (2), the MHFA cannot now review the justification for his discharge. There is no statutory authority for this position. We express no opinion on the permissible scope of the retirement board hearing. For the limited scope of the retirement board review in the education setting, see *School Comm. of Brockton* v. *Teachers' Retirement Bd.,* 393 Mass. 256, 264 (1984).

[24] The trial judge determined that general principles of mitigation of damages shall be applicable in determining the extent of the plaintiff's damages. See *Ryan* v. *Superintendent of Schools of Quincy,* 374 Mass. 670, 672 (1978); *McKenna* v. *Commissioner of Mental Health,* 347 Mass. 674, 676 (1964); *Maynard* v. *Royal Worcester Corset Co.,* 200 Mass. 1, 6 (1908). Thus, the trial judge determined that the monetary award for the plaintiff should be reduced by the amount which the plaintiff received at the Committee on Criminal Justice. There is no error in that ruling. We express no opinion as to whether there are other periods of time or amounts which should be deducted from the monetary award.

APPENDIX.

General Laws c. 32, § 16 (1984 ed. & 1985 Supp.), provides, in relevant part: "(1) *Involuntary Retirement and Right to a Hearing.* — (a) Any head of a department who is of the opinion that any member employed therein should be retired for superannuation, ordinary disability or accidental disability, in accordance with the provisions of section five, six, or seven, as the case may be, may file with the board on a prescribed form a written application for such retirement. Such application shall include a fair summary of the facts upon which such opinion is premised. The applicant shall forthwith deliver to such member by registered mail, with a return receipt requested, a true copy of such application, together with a brief statement of the options available to such member on his retirement and a statement of his right, if any, to request a hearing with regard to such retirement and of the right, if any, of review available to him, as provided for in this section, in case he is aggrieved by any action taken or decision of the board rendered or by failure of the board to act upon his request or to render a decision within the time specified in this subdivision. Upon such delivery to such member the head of the department, or one acting in his behalf, shall file with the board under the penalties of perjury a written notice of such delivery, including the date thereof.

"    . . . .

"(2) *Right to Hearing upon Removal or Discharge.* — The removal or discharge of any member in service classified in Group 1, Group 2 or Group 4 who has attained age fifty-five and has completed fifteen or more years of creditable service, or any member so classified who has not attained age fifty-five but who has completed twenty or more years of creditable service, or any such member who is a veteran and has completed ten or more years of creditable service, shall not become effective unless and until a written notice thereof containing a fair summary of the facts upon which such action was based has been filed with the board. The procedure set forth in subdivision (1) relative to delivery of copies, statement of service thereof, notice, hearing if requested, and the filing of a certificate of findings and decision, so far as applicable, shall apply to all proceedings involving such removal or discharge. Unless the board shall find that such removal or discharge was justified, such member shall forthwith be restored to his office or position without loss of compensation.

"(3) *Right of Review by District Court.* — (a) Any member classified in Group 1, Group 2 or Group 4 who has attained age fifty-five and completed fifteen or more years of creditable service, or any member so classified who has not attained age fifty-five but who has completed twenty or more years of creditable service, or any such member who is a veteran and has completed ten or more years of creditable service, and who is aggrieved by any action taken or decision of a board or the commissioner of public employee retirement rendered with reference to his involuntary retirement

under the provisions of subdivision (1) or to his removal or discharge as set forth in subdivision (2), or any member who is aggrieved by any action taken or decision of a board or the commissioner of public employee retirement rendered with reference to his dereliction of duty as set forth in section fifteen, may, within thirty days after the certification of the decision of the board, bring a petition in the district court within the territorial jurisdiction in which he resides praying that such action and decision be reviewed by the court. After such notice as the court deems necessary, it shall review such action and decision, hear any and all evidence and determine whether such action was justified. If the court finds that such action was justified the decision of the board or the commissioner of public employee retirement shall be affirmed; otherwise it shall be reversed and of no effect. If the court finds that such member was unjustifiably retired, removed or discharged from his office or position he shall be reinstated thereto without loss of compensation. The decision of the court shall be final.

". . . .

"(5) *Provisions Not Applicable to Certain Members.* — The provisions of this section relative to the right of any member to a hearing or to the right of review by the district court shall not apply in the case of the removal or discharge of any state official or of any official of any political subdivision of the commonwealth for which provision is otherwise made in any general or special law, anything in this section to the contrary notwithstanding."