130                              38 Mass. App. Ct. 130

Superintendent of Public Works of Attleboro *v.* Attleboro Contributory Retirement Board.

SUPERINTENDENT OF PUBLIC WORKS OF ATTLEBORO &
another[1] *vs.* ATTLEBORO CONTRIBUTORY RETIREMENT
BOARD & another.[2]

No. 93-P-1328.

Bristol. June 17, 1994. - February 10, 1995.

Present: DREBEN, FINE, & JACOBS, JJ.*

*Administrative Law*, Judicial review, Hearing. *Practice, Civil*, Action in
nature of certiorari. *Municipal Corporations*, Retirement board. *Public
Employment*, Termination.

The "summary of the facts" filed with a municipal contributory retirement
board as required by G. L. c. 32, § 16 (2), was an insufficient eviden-
tiary record for the board to sustain the discharge of a municipal em-
ployee, where the "summary" consisted merely of the letter of a depart-
ment head discharging the employee but did not include the record of
subsequent proceedings before a hearing officer in the matter: the board
properly concluded that the employer had "failed to justify" the dis-
charge and properly ordered the employee reinstated without loss of
pay. [133-135]

CIVIL ACTION commenced in the Superior Court Depart-
ment on May 29, 1992.

The case was heard by *John M. Xifaras*, J., on motions for
summary judgment.

*John P. Lee* for the plaintiffs.

*James H. Quirk, Jr.*, for Attleboro Contributory Retire-
ment Board.

*Michael S. Bearse* for Paul R. Geddes.

JACOBS, J. By letter dated February 23, 1990, the plaintiff
Houshang Hamrahi, as superintendent of public works of the

---

[1]The city of Attleboro.

[2]Paul R. Geddes.

*Justice Fine participated in the deliberation on this case prior to her
retirement.

38 Mass. App. Ct. 130                                    131

Superintendent of Public Works of Attleboro v. Attleboro Contributory Retirement Board.

city of Attleboro, notified the defendant Paul R. Geddes of his discharge from employment. The three-page letter cited four reasons for the discharge and included some factual support for each. The stated grounds were (1) failure to pass a State examination, (2) excessive absenteeism, (3) unsatisfactory work performance, and (4) insubordination. At that time, Geddes held a provisional appointment as head sewer treatment plant operator. Pursuant to G. L. c. 31, § 41, he requested a hearing, following which a hearing officer took evidence and essentially found that two of the grounds cited were unsupported but that the discharge was justified on the other grounds. The plaintiffs, purporting to act in accordance with G. L. c. 31, § 41, affirmed the discharge "for the reasons set forth in [the] letter . . . of February 23, 1990." Geddes, exercising his rights under G. L. c. 32, § 16(2),[3] then requested a hearing before the defendant Attleboro Contributory Retirement Board (the board). Following an evidentiary hearing, the board found that the plaintiffs had "failed to justify" the discharge and ordered that Geddes be reinstated without loss of pay.

After a failed appeal to the Massachusetts Contributory Retirement Appeal Board,[4] the plaintiffs, on May 29, 1992, brought this action under G. L. c. 249, § 4.[5] A Superior

---

[3]The parties do not contest that Geddes, a military veteran, had been employed by the city of Attleboro since 1970, had held various provisional appointments since 1984, is a member of the city's retirement system, and, in the circumstances of his purported discharge, was entitled to an informal hearing before the "appointing authority" and then an administrative hearing before the local retirement board pursuant to G. L. c. 31, § 41, and G. L. c. 32, § 16(2), respectively.

[4]The plaintiffs, reacting to a statement in the board's decision that anyone aggrieved thereby "may appeal to the Contributory Retirement Appeal Board," filed an appeal to that body which was dismissed for lack of subject matter jurisdiction. That decision, the subject of a separate action in the Superior Court, was affirmed when the board's motion for summary judgment was allowed. There was no appeal from that judgment.

[5]In the circumstances, an action in the nature of certiorari under G. L. c. 249, § 4, is the appropriate vehicle for redress. See *Georgetown* v. *Essex County Retirement Bd.*, 29 Mass. App. Ct. 272, 273 (1990)("The town, having no right of appeal to the District Court under [G. L. c. 32,] § 16[3] or to the Contributory Retirement Appeal Board under § 16[4], see *Barrett* v. *Police Commr. of Boston*, 347 Mass. 298, 300-301 [1964],

Court judge, following his denial of the defendant board's motion to dismiss the complaint on timeliness grounds,[6] and acting on cross motions for summary judgment, entered judgment for the defendants, thereby affirming the board's order reinstating Geddes. The plaintiffs appeal. We affirm the judgment, construing it as a determination that the attempted discharge of Geddes was ineffective, entitling him to reinstatement without loss of pay.

In their complaint, the plaintiffs claim that the board committed errors of law by conducting a de novo hearing and determining that Geddes's discharge was not justified. They maintain that these errors adversely affected the city's material rights and caused it substantial damage. Relying, at least in part,[7] on the board's finding "that the Department head or one acting in his behalf failed to adhere to Statutory requirement of procedure as set forth in [subdivision] (1) of [G. L. c. 32, § 16]," the judge concluded that "the board was justified in ruling that the plaintiffs failed to provide a 'fair summary of the facts' upon which the removal was based," and, therefore, the board did not exceed its authority by conducting a "limited de novo review." In his decision, he noted that, while the board received a copy of the February 23, 1990, letter before the hearing, there was no submission by the "head of [Geddes's] department" of "a summary of the

---

brought an action in the nature of certiorari [G. L. c. 249, § 4] in the Superior Court").

[6]In a separate decision, the judge determined, on the authority of *New England Power Co.* v. *Riley Stoker Corp.*, 20 Mass. App. Ct. 25, 32 (1985), that the defendants were estopped from successfully raising a timeliness defense because the city had delayed its action under G. L. c. 249, § 4, as a result of having been misled by the board's notice of decision. That notice incorrectly indicated that an appeal from that decision could be made to the Contributory Retirement Appeal Board. While notices of appeal were filed by the defendants in the Superior Court, cross appeals were not perfected in this court. See Mass.R.A.P. 10(a), 378 Mass. 937 (1979). Accordingly, we do not review that decision.

[7]As a preface to his statement of the undisputed factual background of the case, the judge indicated that he relied on "affidavits and exhibits." We find no affidavits in the record appendix other than one contained in a supplementary record appendix having to do with the dismissed proceedings before the Contributory Retirement Appeal Board.

hearing officer's decision," or "a copy of the record, if one exists, of the hearing before the hearing officer." The judge went on to conclude that "there was ample evidence" at the hearing before the board to support its decision that the discharge of Geddes was not justified.

"[T]he standard of judicial review under the certiorari statute takes its color from the nature of the administrative action that is being examined." *Wightman* v. *Superintendent, M.C.I., Walpole,* 19 Mass. App. Ct. 442, 445 (1985), citing *Yerardi's Moody St. Restaurant & Lounge, Inc.* v. *Selectmen of Randolph,* 19 Mass. App. Ct. 296, 300 (1985). The issue here is whether the board committed a substantial error of law in ordering that Geddes be reinstated without loss of pay. See *Carney* v. *Springfield,* 403 Mass. 604, 605 (1988); *Springfield* v. *Civil Serv. Commn.,* 403 Mass. 612, 613 (1988). The decision of the board should be disturbed only if based on legally untenable grounds. See *Forsyth Sch. for Dental Hygienists* v. *Board of Registration in Dentistry,* 404 Mass. 211, 218 (1989).

The controlling statute, G. L. c. 32, § 16(2), as amended through St. 1982, c. 630, § 21, provides in pertinent part:

> "The removal or discharge [of certain public employees] shall not become effective unless and until a written notice thereof containing a fair summary of the facts upon which such action was based has been filed with the board. The procedure set forth in subdivision (1) relative to . . . hearing if requested . . . so far as applicable, shall apply to all proceedings involving such removal or discharge. Unless the board shall find that such removal or discharge was justified, such [employee] shall forthwith be restored to his office or position without loss of compensation."

The referenced subdivision (1) of G. L. c. 32, § 16, while speaking to involuntary retirement, has been construed as applying to a discharge and requires that "the 'head of a department' file with the retirement board a fair summary of the facts upon which the removal is based." *Campana* v.

*Board of Directors of the Mass. Hous. Fin. Agency*, 399 Mass. 492, 502 n.20 (1987).

The mandate to provide a fair summary requires that the department head, at the time of the request for hearing by the employee, "make available a record of all proceedings before the [employer]." *School Comm. of Brockton* v. *Teachers' Retirement Bd.*, 393 Mass. 256, 262 n.10 (1984). In the absence of such a record, a summary of any response made or defense raised by the employee to the accusations of the employer should be filed with the board by the department head so that the board may be assured that it has before it a fair summary of the administrative process it is reviewing. See *id.* at 263 n.11.

As part of a comprehensive statutory scheme, the requirement that a fair summary of the facts be filed is to be strictly interpreted and enforced. *Campana* v. *Board of Directors of the Mass. Hous. Fin. Agency*, 399 Mass. at 502 n.20. The mere filing of a letter containing the employer's factual perspective supporting discharge does not permit the reviewing board to perform its statutory obligation. The submission of a copy of a preliminary hearing decision ordinarily will suffice if it contains a fair representation of the evidence adduced and positions taken by the employee at that hearing. The plaintiffs, without claiming the department head was responsible for the submission, argue in their brief that the hearing officer's decision was before the board. Fairly read, the judge's decision indicates that the head of the department did not submit either a summary of the hearing officer's decision, or the decision itself, to the board. On this record, see note 7 *supra*, we are unable to conclude that the judge is in error or that the decision that is included in the record appendix submitted by the plaintiffs was filed prior to the evidentiary hearing conducted by the board.

Strict enforcement of the statutory fair summary requirement is consistent with the limited scope of review permitted to retirement boards. See *Welch* v. *Contributory Retirement Appeal Bd.*, 343 Mass. 502, 508 (1962); *School Comm. of Brockton* v. *Teachers' Retirement Bd.*, 393 Mass. at 262-

263; *Georgetown* v. *Essex County Retirement Bd.*, 29 Mass. App. Ct. 272, 274-275 (1990). A retirement board's role under G. L. c. 32, § 16(2), is to examine whether the findings upon which a removal is based "manifestly lack support in the appointing authority's evidentiary record." *Georgetown* v. *Essex County Retirement Bd.*, *supra* at 275. The proper and fair performance of that function demands that the summary called for by the statute contain more than was submitted by the plaintiffs.

In light of the provision in G. L. c. 32, § 16(2), that a "removal or discharge . . . shall not become effective unless and until . . . a fair summary of the facts . . . has been filed with the board," the failure to comply strictly with the fair summary requirement nullifies the purported discharge of Geddes. *Bagley* v. *Contributory Retirement Appeal Bd.*, 397 Mass. 255, 258-259 (1986). *Campana* v. *Board of Directors of the Mass. Hous. Fin. Agency*, 399 Mass. at 503. Accordingly, review of the propriety of the hearing conducted by the board is unnecessary. So much of the judgment as orders that Paul Geddes be reinstated without loss of pay[8] is affirmed.

*So ordered.*

---

[8]The general principles of mitigation of loss may be applicable to any back wages award to which Geddes is entitled. See *Ryan* v. *Superintendent of Sch. of Quincy*, 374 Mass. 670, 672 (1978).