PRUDENTIAL COMMITTEE OF CENTERVILLE-OSTERVILLE-MARSTONS MILLS FIRE DISTRICT & others[1] *vs.* BARNSTABLE COUNTY RETIREMENT ASSOCIATION.[2] No. 98-P-1880. October 10, 2000. *Public Employment,* Retirement Termination. *Statute,* Construction, Repeal. *County,* Retirement board.

On April 24, 1997, the board of water commissioners of the Centerville-Osterville-Marstons Mills water department (water department), after notice and hearing, fired Donald Knudsen from his job of drinking water plant operator. An inspection of the water meter in Knudsen's home had revealed it had been tampered with to "facilitat[e] . . . passage of unmetered water." The Barnstable County retirement board (retirement board) reinstated Knudsen because he had not been afforded a termination hearing before the board conformably with G. L. c. 32, § 16(2). Prior to Knudsen's discharge, however, the Legislature had repealed subdivision (2) of § 16. See St. 1996, c. 306, § 19. It is the retirement board's position that because Knudsen's employment at the water department preceded the repealer, he had a vested right in a § 16(2) hearing. A judge of the Superior Court, acting on a statement of agreed facts and a motion by the water department for judgment on the pleadings, Mass.R.Civ.P. 12(c), 365 Mass. 754 (1974), declared that the retirement board had no authority to conduct a § 16(2) hearing after the repealer and no authority to reinstate Knudsen. The retirement board has appealed. We affirm.

The retirement board's view that the repealed statute survived as to employees who entered public service before the effective date of repeal, November 7, 1996, rests primarily on G. L. c. 32, § 25(5), which characterizes pension rights or benefits as contractual, not to be altered or extinguished by subsequent legislative enactment. In *Dupont* v. *Commissioners of Essex County,* 46 Mass. App. Ct. 235, 237, 239-240 & n.10 (1999), decided after the case before us was fully briefed, we rejected the retirement board's position. The legislative intent was not only to nullify § 16(2) for the future but to abort pending actions under that statute. *Id.* at 237. A "purpose of the 1996 repealer of § 16(2) evidently was to relieve public employers of this requirement of taking the initiative to come forward and commence a procedure to justify their actions in dismissals (or the like) of their employees." *Id.* at 240.

The holding in *Dupont* followed views of the scope of § 25(5) taken in *Opinion of the Justices,* 364 Mass. 847, 856-863 (1973), and *McCarthy* v. *Sheriff of Suffolk County,* 366 Mass. 779, 781-785 (1975). These views were that the member of a retirement system was protected in the core of his reasonable expectations as to pension and benefits, but not against any adjustment in the job, e.g., disciplinary rules or retirement age, *Opinion of the Justices, supra* at 861-862, and that § 25(5) was designed to give pension security, not job security. *McCarthy, supra* at 784. What lies at the core of reasonable expectations are those "which can reasonably be said to affect an

---

[1]Chief executive officers of the Centerville-Osterville-Marstons Mills fire district and commissioners of the water department of Centerville-Osterville-Marstons Mills.

[2]Gary L. Oakley and Donald Knudsen were named as defendants in the complaint. Oakley settled with the water department; Knudsen did not appeal; only the Barnstable County retirement association has appealed.

employee's decision to accept, and stay employed in, a position with the Commonwealth." *Ibid.* The precise nature of the hearing to be afforded in connection with discharge proceedings is not the pivot upon which a person would take or stay in a job.

The repealed § 16(2), requiring a public employer to initiate a procedure to justify the dismissal of an employee, was about job security. Its provisions lie outside the core expectations protected by § 25(5), and the retirement board, therefore, was without authority to hold a hearing on Knudsen's claim or to reinstate him with back pay.

*Judgment affirmed.*

*James H. Quirk, Jr.,* for the defendant.

*Paul J. Hodnett* for the plaintiffs.

*Thomas F. Reilly,* Attorney General, *& Margaret Monsell,* Assistant Attorney General, for Public Employee Retirement Administration Commission, amicus curiae, submitted a brief.