Thomas Thibodeau *vs.* Town of Seekonk & others.[1]

No. 99-P-806.

Bristol. April 11, 2001. - July 11, 2001.

Present: Porada, Gelinas, & Kafker, JJ.

*Public Employment,* Demotion. *Municipal Corporations,* Officers and employees, Fire department. *Practice, Civil,* Appeal, Interest. *Damages,* Interest.

On remand to the Superior Court for a consideration of the effect of a town's belated compliance with G. L. c. 32, § 16(2), in proceedings in which the plaintiff had been restored to his position as captain of firefighters with back pay due to the town's failure to file a fair summary of facts with the local retirement board, the judge did not err in determining that the plaintiff's August 26, 1991, demotion from his position as captain became effective on July 27, 1993, when the town first filed a fair summary of facts pursuant to § 16(2), where, since the plaintiff failed to make a timely request for a hearing, § 16(2) provided that the facts contained in the summary were deemed to be admitted. [70-71]°

This court concluded that, pursuant to G. L. c. 231, § 6C, interest on a back pay award due to a firefighter who had been demoted from his position as captain of firefighters should have been calculated from August 26, 1991, the date of the firefighter's demotion in violation of G. L. c. 32, § 16(2), rather than from the date he filed his action in Superior Court, over two years later. [71-74]

Civil action commenced in the Superior Court Department on November 18, 1993.

Following review by this court, 40 Mass. App. Ct. 367 (1996), further proceedings were had before *Richard J. Chin,* J.

*James H. Quirk, Jr.,* for the plaintiff.

*Philip Collins* for town of Seekonk.

Kafker, J. The decade-long legal wrangling over the demotion of Thomas Thibodeau from captain to lieutenant of fire-

---

[1]Bristol County Retirement Board and Contributory Retirement Appeal Board.

fighters in the town of Seekonk returns to this court on his appeal of the Superior Court's decision on remand. In *Thibodeau v. Seekonk*, 40 Mass. App. Ct. 367 (1996), this court concluded that the 1991 demotion was ineffective due to the town's failure to file a fair summary of facts at that time with the local retirement board, but the case was remanded to the Superior Court to consider the effect of a subsequent July 27, 1993, filing of a fair summary of the facts. Thibodeau contends that on remand the judge (1) erred in determining the effective date of his demotion; and (2) erroneously calculated the interest due to him as running from the date that he filed his complaint in Superior Court rather than from the date of his invalid removal from the fire captain position.

On remand from this court, the judge ruled that Thibodeau's August 26, 1991, demotion from his position as captain of firefighters with the town of Seekonk became effective on July 27, 1993. The judge also awarded damages consisting of back pay of $16,489.44, the pay difference between the fire captain and lieutenant positions for the period preceding the effective date of the demotion, "plus interest at the statutory rate."

. We reject Thibodeau's claim that the judge erred in his determination of the effective date of his demotion. Prior to its repeal, effective November 7, 1996, G. L. c. 32, § 16(2), as amended through St. 1982, c. 630, § 21, provided that the removal of an employee with Thibodeau's level of service was "not . . . effective unless and until a written notice thereof containing a fair summary of the facts upon which such action was based has been filed with the [local retirement] board." As a result, when the town demoted Thibodeau without filing a fair summary of facts on August 26, 1991, it did so in violation of the process required by § 16(2). On July 27, 1993, the town filed a fair summary of facts with the local retirement board. Section 16(2) entitled Thibodeau at that point to a hearing on the demotion, if requested. Section 16(1)(*b*), provides that "[i]f no such request is so filed, the facts . . . shall be deemed to be admitted." The judge correctly found that the letter Thibodeau sent in response to the town's fair summary of facts, although purporting to be a "notice of appeal," did not contain a request for a hearing, and therefore "[i]n the absence of a timely request

for a hearing," the statute provided that "the facts as contained in the summary are deemed to be admitted."[2] As Thibodeau failed to request a hearing, his demotion was proper and effective as of July 27, 1993.[3]

Thibodeau's second argument is that the interest due on his back pay award should be calculated from the date of his demotion in August, 1991, rather than from the date he filed his action in Superior Court, over two years later. The judge's February, 1997, memorandum of decision on remand referred, without elaboration, to "interest at the statutory rate." On April 8, 1997, Thibodeau filed his notice of appeal.

In June, 1997, the parties filed a "joint motion for entry of judgment with calculation of interest and for issuance of an execution upon said judgment." The joint motion was allowed, and an execution issued in July, 1997, calculating interest running from the date Thibodeau filed the action in Superior Court. Thibodeau moved for a return of execution in September, 1997, in which he argued for the first time that interest on his back pay award should have been calculated "from the time of the reduced pay." In November, 1997, the motion was denied by another Superior Court judge who ruled that the execution as issued was proper. No notice of appeal was ever filed in connection with the judge's denial of the motion for return of execution.

The town contends that Thibodeau has waived any right of appeal concerning interest because his April, 1997, notice of appeal referred only to the court's decision on remand and denial of the motion for reconsideration, and he did not separately appeal the November, 1997, denial of the motion for return of execution. Thibodeau responds that when he appealed the decision, which included an award of $16,489.44 "plus interest at the statutory rate," his appeal necessarily subsumed the interest question. We conclude that the original appeal was sufficient to

[2]We note that Thibodeau requested a hearing on prior and subsequent occasions before the board, but did not do so in response to the July 27, 1993, filing.

[3]We further agree with the judge that "[t]he town's filing of subsequent summaries of the facts does not alter the above conclusion," as the uncertainty generated by the pending appeal apparently led the town to make repetitive filings to ensure that its interests were protected.

preserve the interest issue; the denial of the motion for return of execution did not necessitate a separate appeal. See *Patten* v. *Mayo*, 23 Mass. App. Ct. 657, 660 (1987) ("under Mass.R.A.P. 3(a) . . . we are authorized to·exercise our independent judgment whether to let an appeal proceed in a given case"); *Maciuca* v. *Papit*, 31 Mass. App. Ct. 540, 545 (1991). We therefore turn to the substance of the interest issue.

The remedy provision in G. L. c. 32, § 16(2), expressly referred only to restoring a wrongly discharged employee to his former position "without loss of compensation" and included no reference to interest. The town therefore argues that the interest calculation properly falls under G. L. c. 231, § 6H. Section 6H, as inserted by St. 1983, c. 652, § 1, provides that "[i]n any action in which damages are awarded, but in which interest on said damages is not otherwise provided by law, there shall be added . . . to the amount of damages interest thereon at the rate provided by section six B to be determined from the date of commencement of the action . . . ."[4] In contrast, c. 231, § 6C, as amended by St. 1982, c. 183, § 3, provides: "In all actions based on contractual obligations, . . . interest shall be added . . . from the date of the breach or demand[, if established]." We must therefore determine whether § 6C or § 6H applies to violations of c. 32, § 16(2).[5]

General Laws c. 32, § 16, is referenced in c. 32, § 25(5), as

---

[4]Commencement of the action refers to commencement of the action in the Superior Court. See *Gill* v. *North Shore Radiological Assocs., Inc.*, 385 Mass. 180, 182 (1982) ("words . . . 'from the date of commencement of the action' . . . are to be interpreted literally"); *Leahy* v. *Local 1526, Am. Fedn. of State, County & Mun. Employees*, 399 Mass. 341, 354 (1987) (in seniority dispute that began with union grievance process in 1977 and continued with the filing of unfair labor practice charges with the Labor Relations Commission in 1979, interest properly awarded from Superior Court filing date in 1981); *Commonwealth* v. *Johnson Insulation*, 425 Mass. 650, 665 n.15 (1997) ("G. L. c. 231, § 6B, allows interest from the commencement of the action, and not from the date of the injury").

[5]We do not agree with Thibodeau that this question was settled by *Campana* v. *Board of Directors of the Mass. Hous. Fin. Agency*, 399 Mass. 492 (1987). There, a single justice of the Supreme Judicial Court had determined that the plaintiff was entitled to "benefits and back pay, with interest, from the date of the ineffective discharge . . . ." *Id.* at 499. The full court, however, did not comment explicitly on the correctness of the single justice's ruling, and stated generally, in language akin to that in the order of the Superior Court judge in the instant matter, that the plaintiff was entitled to "back

amended by St. 1956, c. 525, which states, "The provisions of sections one to twenty-eight . . . shall be deemed to establish and to have established membership in the retirement system as a contractual relationship under which members who are or may be retired for superannuation are entitled to contractual rights and benefits, and no amendments or alterations shall be made that will deprive any such member or any group of such members of their pension rights or benefits provided for thereunder . . . ." In determining which interest provision applies to violations of § 16(2), we must therefore take into account that it is encompassed within the "contractual relationship" established in G. L. c. 32. See *Madden* v. *Contributory Retirement Appeal Bd.*, 431 Mass. 697, 701 (2000) ("The State retirement system creates a contractual relationship between its members and the State"). As a result, we conclude that § 25 implicates G. L. c. 231, § 6C. The fact that the contractual relationship was created legislatively does not detract from our conclusion, as the Supreme Judicial Court has ruled that under c. 231, § 6C, there is "no distinction between [contractual] obligations that derive from an agreement and those imposed by statute." *Lexington* v. *Bedford*, 378 Mass. 562, 563, 576 (1979) (finding § 6C applicable to the enforcement of G. L. c. 32, § 59A, as inserted by St. 1968, c. 601, § 1, which provided that the "paying governmental unit may maintain an action of contract to recover" portions of pension reimbursement owed by another town).[6] We therefore conclude that, pursuant to G. L.

---

wages from the date of the ineffective termination to the present, plus interest." *Id.* at 504. (We note that, for purposes of construing § 16[2], "termination" or "discharge" [at issue in *Campana*], is·equivalent to "demotion," at issue in the case at hand.) See *Thibodeau* v. *Seekonk*, 40 Mass. App. Ct. at 369.

[6]We note that our decision concluding that a claim based on c. 32, § 16(2), is a claim based on a contractual obligation for purposes of interest calculation does not mean § 16(2) provides a "vested contractual right," *McCarthy* v. *Sheriff of Suffolk County*, 366 Mass. 779, 784 (1975), within the "core expectations protected by § 25(5)" from impairment or repeal. *Prudential Comm. of Centerville-Osterville-Marstons Mills Fire Dist.* v. *Barnstable County Retirement Assn.*, 50 Mass. App. Ct. 907, 908 (2000). See *Dupont* v. *Commissioners of Essex County*, 46 Mass. App. Ct. 235, 239 n.10 (1999) (the "characteriz[ation of] pension rights . . . as contractual" does not preclude repeal of § 16[2]). See generally *Madden* v. *Contributory Retirement Appeal Bd.*, 431 Mass. at 701 ("general contractual expectation that all retirement

c. 231, § 6C, interest shall commence on August 26, 1991, the date of Thibodeau's demotion in violation of c. 32, § 16(2).[7]

The judgment is to be modified to provide that interest is to run from August 26, 1991. As so modified, the judgment is affirmed.

*So ordered.*

---

regulations in effect when [the plaintiff] entered the [retirement] system would be applied to her in accord with the law" did not preclude reasonable modification to retirement system).

[7]The date of the "breach" was clearly established. As the trial judge explained, "When the [t]own initially demoted the plaintiff [on August 26, 1991], the [statutory] procedures . . . were not followed."