The Commonwealth appeals from the dismissal of so much of an indictment that alleged murder in the first degree under the theory of deliberate premeditation.[2] Applying the standard set forth in Commonwealth v. McCarthy, 385 Mass. 160, 161-163 (1982), we conclude that sufficient evidence was presented to the grand jury to establish probable cause that the defendant murdered the victim, and did so under at least one of the theories of murder in the first degree.[3] The motion to dismiss the indictments should have been denied in its entirety. Moreover, the Commonwealth is not precluded at trial from prosecuting the defendant under any of the theories of murder in the first degree.[4]
Order allowing motion to dismiss count 1 of the indictment charging murder in the first degree under the theory of deliberate premeditation reversed.

Arguments made by the defendant regarding the judge's denial of the motion to dismiss indictments for assault and battery by means of a dangerous weapon, and murder in the first degree under the theory of extreme atrocity or cruelty are waived as the defendant has not filed a cross appeal. See Superintendent of Pub. Works of Attleboro v. Attleboro Contributory Retirement Bd., 38 Mass. App. Ct. 130, 132 n.6 (1995).

We review the evidence to determine whether the grand jury heard "sufficient evidence to establish the identity of the accused, ... and probable cause to arrest [her]." McCarthy, supra at 163. "This standard is considerably less exacting than the requirement that a judge must apply at trial." Commonwealth v. Bell, 83 Mass. App. Ct. 61, 63 (2013). "All that is required is 'reasonably trustworthy information ... sufficient to warrant a prudent [person] in believing that the defendant had committed ... an offense.' " Ibid., quoting from Commonwealth v. O'Dell, 392 Mass. 445, 450 (1984).

"So long as the evidence suffices to establish probable cause for murder under any of its prongs, the Commonwealth is free to prove malice under any of its prongs at trial and need not present the same theory or evidence as before the grand jury" (emphasis supplied). Commonwealth v. Riley, 73 Mass. App. Ct. 721, 730 (2009).