GERALD BAGLEY vs. CONTRIBUTORY RETIREMENT APPEAL
BOARD & another[1].

Suffolk.    January 6, 1986. — April 9, 1986.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Administrative Law,* Judicial review. *Contributory Retirement Appeal Board. Public Employment,* Termination. *Practice, Civil,* Parties, Counsel fees.

The Contributory Retirement Appeal Board had jurisdiction to hear the appeal of a member of a public employee retirement system who had been discharged from his employment with a city agency and who was aggrieved by the inaction of the city's retirement board after his timely request for the hearing to which he was entitled under G. L. c. 32, § 16 (2). [256-258]

Where the discharge of a member of a public employee retirement system never took effect because of the failure of his employer, a city agency, to file with the city's retirement board a summary of the facts upon which the employee's discharge was based as, in the circumstances, the employer was required to do under G. L. c. 32, § 16 (2), the employee was entitled to receive back pay in amount to be determined after proceedings in which the employer would be joined as a party. [258-259]

CIVIL ACTION commenced in the Superior Court Department on December 22, 1983.

The case was heard, on a master's report, by *William Highgas, Jr.,* J., sitting under statutory authority.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Cynthia A. Canavan,* Assistant Attorney General, for Contributory Retirement Appeal Board.

*Marie M. Lawlor* for Retirement Board of Boston.

*Wm. Shaw McDermott* for the plaintiff.

[1] Retirement Board of Boston.

LIACOS, J. Gerald Bagley was laid off from his job as supervisor of attendance for the Boston school department on March 15, 1982. At that time, Bagley was a veteran and a member of a public employee contributory retirement system, with more than thirty years of creditable service. G. L. c. 32, § 16 (1984 ed.). Members of public employee contributory retirement systems meeting minimum age and length-of-service requirements are entitled to certain rights under G. L. c. 32, § 16. Among those is the right of a member facing removal or discharge to request a hearing before the local retirement board. G L. c. 32, § 16 (2) (referring to § 16 [1] for procedure).

Bagley filed a timely request for a hearing before the Boston retirement board (board). No hearing occurred. Bagley then sought relief by appealing to the Contributory Retirement Appeal Board (CRAB). A hearing officer of CRAB held a hearing on the appeal and submitted a recommended decision. The hearing officer's findings were favorable to Bagley, but he recommended, nevertheless, that the appeal be dismissed because, in his view, G. L. c. 32, § 16 (4) — the statute providing for an appeal to CRAB — did not apply to Bagley's case. The hearing officer said that the proper appeal of the board's inaction was to a District Court, under G. L. c. 32, § 16 (3). CRAB adopted the hearing officer's findings of fact and incorporated his recommended decision, concluding, "This Board [CRAB] has no jurisdiction to entertain this particular appeal. Consequently, the decision of [the board] is affirmed."

Pursuant to G. L. c. 30A, § 14,[2] Bagley sought judicial review of CRAB's alleged abnegation of authority. A judge of the Superior Court appointed a special master who held a hearing on the matter. The special master examined the language of the two statutory provisions, concluded that Bagley was entitled to appeal the local board's inaction to CRAB, and submitted to the court a recommendation incorporating that

[2] General Laws c. 30A, § 14 (1984 ed.), provides, in pertinent part: "[A]ny person . . . aggrieved by a final decision of any agency in an adjudicatory proceeding . . . shall be entitled to a judicial review thereof." See *Mathewson* v. *Contributory Retirement Appeal Bd.*, 335 Mass. 610, 616 (1957).

conclusion. The judge followed the recommendation of the special master, vacated the decision of CRAB, awarded Bagley back pay from the date of his removal, and awarded costs and attorney's fees to Bagley. The board and CRAB appealed under G. L. c. 30A, § 15 (1984 ed.). We transferred the case to this court on our own motion.

The procedure governing hearings on removal or discharge and appeals from those hearings is set forth in G. L. c. 32, § 16.[3] Section 16 (3) (*a*) provides, in pertinent part: "Any member . . . who is aggrieved *by any action taken or decision* of a board . . . rendered with reference to his . . . removal or discharge . . . may, within thirty days after the certification *of the decision* of the board, bring a petition in the district court . . . praying that such action and decision be reviewed by the court" (emphasis supplied). Section 16 (4) provides, in pertinent part: *"On matters other than those subject to review by the district court* as provided for in subdivision (3), . . . any person when aggrieved by any action taken or decision of a retirement board rendered, *or by the failure of a retirement board to act,* may appeal to the contributory retirement appeal board . . ."* (emphasis supplied).

Bagley was a qualified member aggrieved by the local board's failure to act. There was no decision of the board to be certified, thereafter to be susceptible to review by the District Court. *Lowry* v. *Commissioner of Agriculture,* 302 Mass. 111, 116 (1939). A reading of the plain statutory language, see *Commonwealth* v. *Colon-Cruz,* 393 Mass. 150, 167 (1984); *Conroy* v. *Boston,* 392 Mass. 216, 219 (1984), compels the conclusion that Bagley's appeal lay to the CRAB, not to the District Court.

---

[3] Neither CRAB nor the board disputes the applicability of G. L. c. 32, § 16, to Bagley's claim. Thus, their reliance on *Welch* v. *Contributory Retirement Appeal Bd.,* 343 Mass. 502 (1962) (city official's removal not subject to provisions of G. L. c. 32, § 16 [2]; cf. G. L. c. 32, § 16 [5]); and *Sullivan* v. *Belmont,* 7 Mass. App. Ct. 214 (1979) (firefighter who sought accidental disability retirement is within procedural provisions of G. L. c. 32, § 16 [4]), is misplaced.

CRAB contends that an harmonious reading of the statutory provisions demonstrates that the Legislature designated CRAB to hear those appeals relating to retirement benefits, not those relating to the member's removal or discharge. We cannot discern the source of the distinction which CRAB proposes. The language of the statute plainly states that "action[s] and decision[s]" are reviewable by the District Court, while a "failure . . . to act" is appealable to CRAB. We perceive no discord in our reading of this legislative scheme.

The legislative scheme makes sense. A certified decision of the board is easily reviewable by a District Court, while an empty failure to act is better considered by the administrative agency with experience in these matters. An administrative remedy provided by the Legislature is to be preferred over judicial interference in the administrative process. See *Gordon* v. *Hardware Mut. Casualty Co.,* 361 Mass. 582, 585-588 (1972).

We turn to the appropriate remedy. On judicial review under G. L. c. 30A (1984 ed.), "[T]he findings of the [administrative agency] must be sustained if justified by substantial evidence, *Wilmington* v. *Department of Pub. Util.,* 341 Mass. 599, 605 [1961], and 'the burden is on the appealing party to show that the [agency's] decision was invalid.' *Wilmington* v. *Department of Pub. Util., supra,* at 606." *Almeida Bus Lines, Inc.* v. *Department of Pub. Utils.,* 348 Mass. 331, 342 (1965). The Superior Court judge correctly relied on CRAB's findings of fact. One of those findings was that "[t]he Boston School Department failed to file written notice with [the board] containing a fair summary of the facts upon which [Bagley's] removal was based as required by M. G. L. c. 32, § 16 (2)." General Laws c. 32, § 16 (2), further provides that the removal or discharge of an employee in Bagley's position "shall not become effective unless and until a written notice thereof containing a fair summary of the facts upon which such action was based has been filed with the board."[4] Applying the law

---

[4]General Laws c. 32, § 16 (2), also provides that, "[u]less the board shall find that such removal or discharge was justified, such member shall forth-

to the facts found by CRAB, it is clear that Bagley's layoff was never effective, and he is entitled to restoration of pay and benefits for the period of his purported layoff. The judge awarded Bagley back pay for the period of his layoff. Though no reasoning was given to support this relief, we assume that the order was based on G. L. c. 30A, § 14 (7),[5] and G. L. c. 32, § 16 (2).

Bagley's employer, the school committee of Boston (school department), is the party properly subject to the judge's order for back pay. The school department is not a party in this case, however, and consequently must be joined in order to accord complete relief to Bagley. Mass. R. Civ. P. 19 (a) (1), 365 Mass. 765 (1974). On remand, the Superior Court judge shall order the joinder of the school department and shall afford the school department the opportunity to be heard on the question of its liability for Bagley's back pay.[6]

The judge also awarded costs and attorney's fees. The award of attorney's fees was made in error. Absent an explicit statutory or judicial directive authorizing attorney's fees in a case of this kind, attorney's fees are not recoverable. *Bournewood Hosp., Inc.* v. *Massachusetts Comm' n Against Discrimination,*

---

with be restored to his office or position without loss of compensation." For discussion of the limited powers of the teachers' retirement board in reviewing the discharge of a teacher, see *School Comm. of Brockton* v. *Teachers' Retirement Bd.,* 393 Mass. 256 (1984).

[5] The court may modify the agency decision and compel action unlawfully delayed if the agency decision was based on an error of law. G. L. c. 30A, § 14 (7) (*c*).

[6] The school department is entitled to contest the crucial facts found by the CRAB hearing officer. The following findings of fact are, in our view, crucial to the school department's liability: "1. Gerald Bagley . . . has rights under M. G. L. c. 32, § 16 (2) . . . . 5. [Bagley was] laid off [from his position as supervisor of attendance for the Boston school system] on March 15, 1982. . . . 9. The Boston School Department failed to file written notice with the [board] containing a fair summary of the facts upon which [Bagley's] removal was based as required by M. G. L. c. 32, § 16 (2)."

Unless the school department is able to prove these statements of fact erroneous, we foresee no need for a factual determination of any other issues.

371 Mass. 303, 311-312 (1976). *Commissioner of Ins.* v. *Massachusetts Accident Co.,* 318 Mass. 238, 241 (1945).[7]

The judgment of the Superior Court is vacated. The case is remanded for the entry of a new judgment consistent with this opinion.

*So ordered.*

---

[7] Cf. G. L. c. 12, § 11I (1984 ed.) (attorney's fees authorized in private civil rights action); G. L. c. 90, § 34O (1984 ed.) (attorney's fees authorized in action against insurer who unreasonably refuses to pay claim under no-fault automobile insurance); G. L. c. 231, § 6F (1984 ed.) (attorney's fees in frivolous suits). Reasonable costs, however, may be recoverable. See, e.g., G. L. c. 30A, § 14.