DONNA ADAMS *vs.* CONTRIBUTORY RETIREMENT APPEAL BOARD; TOWN OF WAREHAM, intervener. No. 88-P-399. February 15, 1989. *Retirement. Administrative Law,* Findings. *Public Employment,* Accidental disability retirement.

This action was brought in the Superior Court pursuant to G. L. c. 30A, § 14, for review, under the provisions of G. L. c. 32, § 16(4), of a decision made by the Contributory Retirement Appeal Board (appeal board) denying the plaintiff's application for accidental disability retirement under G. L. c. 32, § 7(1). A judge of the Superior Court reversed the appeal board's decision, and the appeal board has appealed.

The plaintiff was entitled to prevail before the appeal board if she established that she had become incapacitated "by reason of a personal injury sustained or a hazard undergone as a result of, and while in the performance of, [her] duties [as an elementary school teacher]." G. L. c. 32, § 7(1), as appearing in St. 1982, c. 630, § 18.

On August 13, 1984, the plaintiff applied to the Teachers' Retirement Board for accidental disability retirement. On March 12, 1985, a regional medical panel was convened pursuant to G. L. c. 32, § 6(3). The members of the panel each examined the plaintiff and certified that she was permanently disabled and that her disability "might be the natural and proximate result of" her teaching responsibilities. The Teachers' Retirement Board denied the plaintiff's application for accidental disability retirement, however, on April 26, 1985. The plaintiff appealed the Teachers' Retirement Board decision to the appeal board on May 9, 1985. On October 1, 1985, an administrative magistrate of the Division of Administrative Law Appeals heard the case.

We summarize the facts found by the administrative magistrate and later adopted by the appeal board in reaching its decision. The plaintiff had polio as a child which left her with paralysis and weakness in her left leg. The town of Wareham employed her in September of 1967 as a third grade public school teacher. The plaintiff's responsibilities, in addition to teaching the third grade curriculum, included classroom management, maintaining discipline, performing recess, lunch and bus duty, providing individual and group instruction, and preparing bulletin boards. She was also required to keep children from wandering onto unfenced railroad tracks abutting the school grounds. Performance of her responsibilities involved continual walking, standing, bending, restraining students, and separating fighting children.

In January, 1980, the plaintiff had a child by Caesarean section. From shortly before the birth of the child until September of 1980 she was on maternity leave. In February, 1981, after she had returned to work, the plaintiff began to experience pain in her back, and from late February through April, 1981, she was unable to work. In May, 1981, she returned to work half time. However, within three weeks of returning, she was no longer able to work because of back pain. She has not worked since May, 1981.

The administrative magistrate found that the plaintiff's "pre-existing condition of residuals from childhood polio was aggravated by the continual standing, bending and moving about activities involved in her teaching work to produce her disabling back condition." The administrative magistrate went on to decide, applying the test of *Zerofski's Case*, 385 Mass. 590, 595 (1982), that, although the plaintiff did not show that her disability was related to a specific incident or series of incidents at work, her particular duties as a third grade teacher subjected her to "an identifiable condition . . . not common and necessary to all or a great many occupations." Accordingly, the administrative magistrate recommended that the appeal board grant the plaintiff's accidental disability retirement application.

The appeal board, on May 22, 1986, rejected the administrative magistrate's recommendation with the following brief statement of its reasons: "Upon the facts as found [essentially the facts found by the administrative magistrate] and the reasonable inferences to be drawn therefrom, this Board finds that the appellant has not sustained her burden of establishing a causal relationship between the disability and a personal injury or hazard undergone while in the performance of her duties. The appellant has introduced no evidence of a particular incident or series of incidents which may have caused her injuries or aggravated a pre-existing injury. The appellant's medical problems only developed after the birth of her child in January of 1980. Additionally, the appellant can point to no particular activity or incident which may have triggered her medical problems. It is the finding of this Board that in all likelihood her medical problems were brought on by the care and birth of her child."

The plaintiff's successful appeal to the Superior Court followed. As a reviewing court under G. L. c. 30A, § 14 (7) (c) and (e), the Superior Court was authorized to set aside or modify the appeal board decision if it determined that the decision was unsupported by substantial evidence or based upon an error of law. Citing G. L. c. 30A, § 11(8), and *Vinal* v. *Contributory Retirement Appeal Bd.*, 13 Mass. App. Ct. 85, 92 (1982), the Superior Court judge ruled that the appeal board decision failed adequately to state the reasons for the board's conclusions. He also ruled that the appeal board's decision was arbitrary, capricious and unsupported by substantial evidence. On the basis of that conclusion, he ordered the appeal board to adopt the recommended decision of the administrative magistrate in favor of the plaintiff.

We agree with the Superior Court judge that the appeal board's decision failed adequately to state the reasons for the result reached. In our view, however, instead of reversing the board, the Superior Court should have remanded the case to the appeal board for amplification of its decision. In two respects, further elaboration by the appeal board is necessary as a proper basis for review of its decision.

1. *Inconsistent findings on the required causation.* The appeal board stated in its decision that it was adopting findings one through thirty-eight in the administrative magistrate's recommended decision. Finding thirty-eight was to the effect that the plaintiff's work as a teacher caused her disability inasmuch as her "pre-existing condition of residuals from childhood polio was aggravated by the continual standing, bending and moving about activities involved in her teaching work to produce her disabling back condition." The appeal board also made a new finding: "that in all likelihood [the plaintiff's] medical problems were brought on by the care and birth of her child." On the critical issue of causation, thus, there is an inconsistency in the decision which on remand the appeal board will have to resolve. See *Robinson* v. *Contributory Retirement Appeal Bd.*, 20 Mass. App. Ct. 634, 641 (1985).

Two items of evidence in the record, taken in tandem, offer support for the administrative magistrate's finding on causation. All three members of the regional medical panel certified that the plaintiff's disability was such "as might be the natural and proximate result of the accident or hazard undergone on account of which retirement [was] claimed." In a letter, the chairman of the medical panel stated that the members felt that it was "likely" that the plaintiff's incapacity was the natural and proximate result of her work as a teacher and was not caused by any other problem. Although the plaintiff suffered from certain weaknesses and susceptibilities originating before her employment, under G. L. c. 32, § 7(1), her employer took her as it found her and could grant her retirement benefits for any work-related aggravation of her preexisting condition that caused her to be permanently disabled. See *Zerofski's Case*, 385 Mass. at 593.

It is not clear whether there is a reasonable basis in the evidence to support a decision that the birth and care of the plaintiff's child was the likely cause of her disability. In any event, it is necessary that the board explain its reasoning, and it should refer to the evidence on which that finding is based.

2. *The lack of a decision about the nature of the plaintiff's duties under the test in* Zerofski's Case. The parties agree that, if a causal relationship existed between the plaintiff's work and her disability, the disability did not stem from a single work-related incident or series of incidents. Although the board mentioned in its decision that there was no such single incident, it did not consider whether the plaintiff's job requirements as an elementary school teacher subjected her to an identifiable condition "not common and necessary to all or a great many occupations," as opposed to ordinary wear and tear. *Zerofski's Case*, 385 Mass. at 595.[1] See also *Kelly's Case*, 394 Mass. 684, 688 (1985); *Blanchette* v. *Contributory Retirement Appeal Bd.*, 20 Mass. App. Ct. 479, 487 (1985).

The administrative magistrate did find the activities of the plaintiff's teaching job (standing, bending, reaching, breaking up fights, etc.) to be uncommon to daily life and many other occupations. The appeal board may be bound by the administrative magistrate's findings as to the plaintiff's particular duties as a teacher. The board may reach its own conclusion, however, on the legal issue involved in applying the test in *Zerofski's Case*. Ultimately, it may be for us to rule whether the appeal board reached an acceptable conclusion on the question whether the plaintiff's duties as an elementary school teacher fell on one side of the *Zerofski* line or the other. The board, however, should make a decision on that question in the first instance. Neither the statute nor the decided cases provide much in the way of guidance on where the line should be drawn. In deciding the question, one of policy, we would want to consider the board's views in light of its "experience in the area and its function in applying the controlling statute, necessarily on a case-by-case basis, to a difficult area of the law." *Blanchette* v. *Contributory Retirement Appeal Bd.*, 20 Mass. App. Ct. at 487.

The plaintiff's application for benefits has been pending since April of 1985. Accordingly, the appeal board should amend its decision forthwith,

---

[1] Accidental disability retirement, which provides coverage for State employees unable to perform their usual job duties, parallels the coverage provided for employees in the private sector under the Workers' Compensation Act. It has been well established that the language of G. L. c. 32, § 7, particularly in regard to "personal injury," should be interpreted similarly to the Workers' Compensation Act. See *Baruffaldi* v. *Contributory Retirement Appeal Bd.*, 337 Mass. 495, 500-501 (1958); *Zavaglia* v. *Contributory Retirement Appeal Bd.*, 345 Mass. 483, 486 (1963); *Blanchette* v. *Contributory Retirement Appeal Bd.*, 20 Mass. App. Ct. 479, 482-483 (1985); Locke, Workmens' Compensation § 623 (3) & n.1 (2d ed. 1981). Accordingly, the test of *Zerofski's Case* has been applied to accidental disability retirement applications brought by public employees. See *Blanchette* v. *Contributory Retirement Bd.*, 20 Mass. App. Ct. at 485.

and any appeal from the clarified decision of the appeal board should be heard, if possible, by the Superior Court judge who heard the first appeal.

The judgment of the Superior Court is vacated. An order is to enter remanding the case to the appeal board for further proceedings consistent with this opinion. The rescript of the Appeals Court is to issue forthwith.

*So ordered.*

*Mark P. Sutliff,* Assistant Attorney General, for the Contributory Retirement Appeal Board.

*Charles M. Healey, III,* for the plaintiff.

*Richard J. Fallon* for the intervener.