Toomey, J.
Plaintiff Judith DoCurral seeks judicial review, pursuant to G.L.c. 30A, §14, of an April 13, 1993 decision of the Contributory Retirement Appeal Board (“CRAB”) affirming the Milford Retirement Board’s denial of the plaintiffs request to change the retirement plan option selected by her husband in 1983. For the following reasons, CRAB’s decision shall be affirmed.
BACKGROUND[2]
The plaintiffs deceased husband, Carlos DoCurral (“DoCurral”), was a police sergeant with the Town of Milford. DoCurral underwent surgery in 1980 followed by radiation treatments for a pituitary tumor. Subsequently, DoCurral suffered severe impairment of vision and other symptoms. DoCurral left his employment on medical leave in October 1982. In early 1983, he applied for ordinary disability retirement benefits.
In a hospital report dated March 24,1983, Dr. James S. Robison, a consulting physician, stated that DoCurral “appeared mildly depressed . . . but was alert, cooperative and conversant.” The physician concluded that DoCurral was “significantly depressed at this time.” In a medical report submitted to the Milford Retirement Board and dated June 28, 1983, Dr. Benjamin Matzilevich stated that, on June 1, 1983, DoCurral presented his history “in a coherent manner” and was “well oriented” with normal cortical functions, including intelligence and memory, and a normal emotional status, without excessive anxiety or depression. Dr. Matzilevich’s diagnosis included progressive visual impairment, sexual impotency, and loss of smell and taste.
On July 7, 1983, DoCurral met with the Administrator of the Milford Retirement Board (“Retirement Board”) to select a retirement plan option. The plaintiff had no knowledge of this meeting and DoCurral went unaccompanied. During the hour-long meeting, the Administrator reviewed DoCurral’s retirement options with him. The payment amounts he would receive under each option were reviewed and the Administrator asked DoCurral if he wished to bring home the figures. DoCurral declined to bring home any information. He told the Administrator that he could not live on anything less than the payment amounts provided by “option (a).”[3] During the July 7, 1983 meeting, DoCurral signed an “Options on Retirement” form indicating his election of “option (a).” The “Statement by Witness” section on the bottom of the options form was left blank. This section states that it is “(t]o be signed by a member of family ifpossiblé’ (emphasis added) and allows for the witnessing of the retiree’s option selection by a family member “at . . . [the] . . . request” of the retiree.
DoCurral retired on July 10, 1983 at age 47. Prior to filing for retirement, he told the plaintiff that he would “take care of’ her and the family. He did not, however, tell the plaintiff that he had filed for retirement until after he had retired. In conversations with *510 Police Chief Liberto before and after July 1983, Do-Curral indicated that he would select or had selected “option (c)” so as to provide for his family.
According to the plaintiff, DoCurral was experiencing, in 1983, depression, loss of memory, and a general personality change. Dr. William A. Tosches, DoCurral’s treating neurologist from March 1982 until 1988, the year of DoCurral’s death, reported, in a letter dated August 5,1992, that DoCurral suffered from depression. In that letter, the physician also stated his opinion that DoCunral was “emotionally and physically incompetent” on July 7, 1983 when he signed his retirement option form. Similarly, Chief Liberto was of the opinion that DoCurral was not in an appropriate state of mind to make a decision about his retirement plan in 1983.
The plaintiff learned of DoCurral’s election of “option (a)’’ when he died in 1988. On January 31, 1991, after discussing her husband’s choice of “option (a)” with Chief Liberto, the plaintiff requested that the Town of Milford Retirement Board change DoCurral’s retirement plan selection. In a letter dated February 4, 1991, the Retirement Board denied the plaintiffs request, stating “that the Board does not have authority to either rescind or alter the option selected after the effective date of a retirement allowance.” The letter directed the plaintiff to CRAB for further action. In a letter dated February 7, 1991, the plaintiff advised CRAB of her appeal of the Retirement Board’s refusal to change DoCurral’s option selection. According to the letter, the plaintiff was “in a position to prove incompetency through medical testimony.”
On August 11, 1992, the Division of Administrative Law Appeals held a hearing at which the plaintiff, Chief Liberto, and the Retirement Board Administrator testified. The following documents were submitted as exhibits: DoCurral’s July 7, 1983 option form; the March 24,1983 hospital report of Dr. Robison; reports and certificates dated in the spring and summer of 1983 and submitted to the Retirement Board by Dr. Tosches, Dr. Matzilevich and Dr. William Wiener; and Dr. Tosches’s August 5, 1992 letter.
On November 16, 1992 an Administrative Magistrate rendered a decision affirming the Retirement Board’s refusal to change DoCurral’s retirement plan selection, finding that “Mr. DoCurral knowingly made a choice to elect to take retirement benefits under option (a).” The Magistrate concluded, “[t]he law does not allow for an amendment of that option after the effective date of retirement."
The plaintiff appealed this decision to CRAB, filing her objections to the Magistrate’s decision on November 27, 1992. In her appeal, the plaintiff argued that “the evidence educed at the hearing clearly shows that the decedent was physically, mentally and emotionally ill, legally blind, and the medical evidence submitted by way of exhibits further reveals the decedent could not make an intelligent and knowing decision in selecting his option.” The plaintiff also argued that DoCurral’s “alleged signature [on the option form] is not witnessed as required by law.”
The Retirement Board responded to the plaintiffs objections on December 7, 1992. The Retirement Board maintained that the Magistrate had properly found that DoCurral knowingly made his option choice and that such selection is now irrevocable. The Retirement Board also asserted that the “Statement by Witness” section of the option form is not mandatory and that the form was “fully operative without any signature by a family member.” To hold otherwise, suggested the Retirement Board, would allow retirees’ families to “have a veto over option selections.”
In its April 13, 1993 decision, CRAB adopted the Magistrate’s Findings of Fact and concluded that DoCurral’s “informed and knowing selection of option a . . . could not have been changed by Mr. DoCurral during his lifetime and cannot be changed by his widow after his death.” The plaintiff filed her appeal in this court on May 13, 1993.
DISCUSSION
Judicial review of CRAB’s decision is “confined to the record.” G.L.c. 30A, §14(5). In reviewing CRAB’s decision, this court is required to give due weight to CRAB’s experience, technical expertise, and specialized knowledge. See Seagram Distillers Co. v. Alcoholic Beverages Control Comm’n, 401 Mass. 713, 721 (1988). Specifically, weight should be given to CRAB’s reasonable construction of a regulatory statute when CRAB has been charged with enforcement of that statute. See Amherst Pelham Regional School Comm’n v. Department of Educ., 376 Mass. 480, 491 (1978).
This court may set aside CRAB’s decision if, inter alia, it is unsupported by substantial evidence or based upon an error of law. G.L.c. 30A, §14(7)(c) and (e); Adams v. Contributory Retirement Appeal Bd., 26 Mass.App.Ct. 1032, 1034 (1989), rev. denied, 404 Mass. 1103 (1989). “Substantial evidence” means evidence a reasonable mind might accept as adequate to support a conclusion. G.L.c. 30A, §1(6). Under the “substantial evidence” analysis, this court may not make a de novo determination of facts; it may not make credibility choices nor draw inferences different from those found by CRAB. See Pyramid Co. of Hadley v. Architectural Business Bd., 403 Mass. 126, 130 (1989). The burden is on the appealing party to show that CRAB’s decision was not justified by substantial evidence. Bagley v. Contributory Retirement Appeal Bd., 397 Mass. 255, 258 (1986).
At bar, the weight of the evidence supports CRAB’s determination that DoCurral was competent to select a retirement plan option on July 7,1983. While reports about DoCurral’s condition written shortly before his retirement plan election clearly show that DoCurral was suffering from loss of vision, depression and other symptoms, the evidence does not rise to the level required to permit this court to reject CRAB’s view that DoCurral was competent to make his decision. Having *511 voluntarily and knowingly selected “option (a),” Do-Curral was precluded from changing his election once his retirement became effective. G.L.c. 32, §12(1).
The plaintiff would have the court conclude that DoCurral’s option form is legally invalid because it is not witnessed. This argument is without merit. First, the form itself does not mandate that a family witness is fundamental to efficacy. Second, G.L.c. 30A, §14 permits this court to defer to CRAB’s expertise and specialized knowledge in determining the validity of an option. CRAB’s determination with respect to the instant election of option is not suspect and will not be disturbed now.
ORDER
For the foregoing reasons, it is hereby ORDERED that the April 13, 1993 decision of the Contributory Retirement Appeal Board in this matter be AFFIRMED.

 facts found herein have been determined from the Administrative Record and the transcript of proceedings before the Division of Administrative Law Appeals. The parties agreed, through counsel, to submit the matter to this court upon those items.

 “Option (a)” provides maximum benefits to the retiree, but no benefits to survivors after the retiree’s death.