Muse, Christopher J., J.
Plaintiff Jose Warton (“plaintiff’ or “Warton”) brings this action pursuant to G.L.c. 30A, §14, challenging the decision of the Board of Appeal on Motor Vehicle Liability Policies and Bonds (“defendant” or “Board”) that affirmed the decision of the Registry of Motor Vehicles to suspend plaintiffs driver’s license for two years following plaintiffs second conviction for operating under the influence of liquor (“O.U.I.”). For the reasons set forth below, the plaintiffs Motion for Judgment on the Pleadings is ALLOWED.

BACKGROUND

The essential facts are not in dispute.
On July 26, 2000 Warton pled guilty to a second O.U.I. complaint, and was sentenced to the fairly standard disposition of a 14-day second-offender’s treatment program. The court ordered, and the docket sheet indicates, that his license to operate was suspended by “application of law.” Warton completed the treatment program and was terminated from probation, following two years of supervision. He claims that he did not operate a motor vehicle for the two years following his plea and conviction, in accordance with the original order of the sentencing judge.[1]
*386 On July 11, 2002, the Registry received a copy of the abstract of Warton’s conviction, which triggered a two-year suspension, pursuant to G.L.c. 90, §24(l)(b), effective July 21, 2002.
On September 10, 2003 Warton appeared at a Board hearing on his appeal of the suspension. On November 1, 2003, the Board affirmed the Registiy’s order of suspension, finding that it was mandated to “not restore the license or reinstate the right to operate of such person... until two years after the date of the conviction,” citing §24(2).
Warton argues that the date of revocation occurred on the date of his conviction, as required by §24(l)(b), and consistent with the order of the sentencing judge, as evident by the docket entiy. Warton further argues that the plain, clear and unambiguous meaning of §24(1 )(b) of Chapter 90 supports this claim.
§24(l)(b) reads, in pertinent part:
A conviction of a violation of subparagraph (1) . . . shall revoke the license or right to operate of the person so convicted . . . Such revoked license shall immediately be surrendered to the prosecuting officer who shall forward the same to the registrar. The court shall report immediately any revocation, under this section ... to the registrar and to the police department of the municipality in which the defendant is domiciled . . .
The Board argues that the revocation did not become effective until it received notice of the conviction from the court clerk, albeit two years after the conviction. In support, the Board cites several analogous decisions from the Appeals Court and the Superior Court.

DISCUSSION

Massachusetts General Laws chapter 30A, §14(7) provides, in pertinent part:
The court may affirm the decision of the agency, or remand the matter for further proceedings before the agency: or the court may set aside or modify the decision, or compel any action unlawfully withheld or unreasonably delayed, if it determines that the substantial rights of any party may have been prejudiced because the agency decision is-
(a) In violation of constitutional provisions; or
(b) In excess of the statutory authority or jurisdiction of the agency: or
(c) Based upon an error of law; or
(d) Made upon unlawful procedure: or
(e) Unsupported by substantial evidence; or
(f) Unwarranted by facts found by the court on the record as submitted or as amplified under paragraph (6) of this section, in those instances where the court is constitutionally required to make independent findings of fact; or
(g)Arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law.
It is the plaintiffs burden, as the moving party, to establish that the agency’s decision was invalid. Bagely v. Contributory Retirement Appeal Bd., 397 Mass. 255, 258 (1986).
In this case, the plaintiff claims the agency’s decision was based on an error of law, and was arbitrary or capricious. Pursuantto G.L. 30A, §14, thereviewing court shall examine the record of proceedings from the agency decision(s) and determine whether, based upon the record and considering the “experience, technical competence and specialized knowledge of the agency,” the agency decision was appropriate. See G.L.c. 30A, §14(5-7); Flint v. Commissioner of Public Welfare, 412 Mass. 416, 421 (1992).
In its review, the court must determine whether the agency decision was supported by substantial evidence. Embers of Salisbury, Inc. v. Alcoholic Beverages Control Commission, 401 Mass. 526, 528 (1988). “Substantial evidence” has been defined as “such evidence as a reasonable mind might accept as adequate to support a conclusion.” Id. at 529. Under the substantial evidence test, “the court is not authorized to make de novo determinations of the facts, to make different credibility choices, or to draw different inferences from the facts found by the [agency].” Doherty v. Retirement Board of Medford, 425 Mass. 130, 141 (1997). Simply stated, the reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional Vocational School District v. Labor Relations Committee, 386 Mass. 414, 420-21 (1982), citing Olde Town Liquor Store, Inc. v. Alcoholic Beverages Control Commission, 372 Mass. 152, 154 (1977).
Because the court finds that the only material issue in dispute is whether the Board’s decision is based on an error of law, it need consider only the undisputed facts concerning the date of conviction, and the date of notice of suspension from the Registry.
Both parties cite Brach v. Chief Justice of the District Court 386 Mass. 528 (1982), in support of their contradictory positions. The Board argues that Brach establishes a clear separation of Judicial and Executive authority, in that only the Registrar has the statutory authority to suspend a license following an O.U.I. conviction. At the time of the decision, the relevant law required the court to notify the Registrar of a conviction, who would then immediately revoke the license of the defendant. The apparently well-intended District Court rule was addressing the time interval between conviction, then after transmittal of notice to the registry, the revocation. After this decision was reported, the Legislature enacted the present statute, which is at issue. The court agrees that the language is clear and controlling, and that a revocation of the right to operate occurs immediately upon the conviction of the defendant, that immediately the license (which merely evidences the right to operate) *387 shall be surrendered, and that the court shall promptly notify the Registrar of this event. The notification by the court is wholly independent of the revocation, i.e. such revocation is not dependent upon, or stayed pending receipt by the registry. Such a defendant is immediately under a court order, supervised by probation, prohibiting his operation of a motor vehicle. Violation of that order would implicate sanctions far more severe and swift than those that might be meted out by the Registrar. A common sense analysis suggests that the Legislature intended that the serious public safety issue of a convicted “drunk driver” being permitted to operate a motor vehicle, following conviction, and pending registry notification, was the impetus for the post-Brach amendment to §24 of Chaper 90. The Legislature intended that a defendant in the shoes of Warton would have his license immediately revoked upon his conviction. This is exactly what occurred on July 26, 2000, as evidenced by the court docket. Plaintiffs Motion is therefore ALLOWED, and Judgment shall enter accordingly. The decision of the Board is set aside; and the Registry is directed to reinstate plaintiffs right to operate forthwith.[2]

ORDER

For the above reasons, it is hereby ORDERED, that the plaintiff s motion for Judgment on the Pleadings is ALLOWED.

Evidence was introduced at the Board hearing resulting in a contrary finding by the Board. However, this factual dispute has no bearing on the court’s analysis of the Board’s authority to timely suspend or revoke a license to operate following an O.U.I conviction.

This assumes there are no other reasons to continue the suspension, independent of the issues of this appeal.