Roach, Christine M., J.
Petitioner Todd A. Bahosh brought this action in August 2007, pursuant to Mass. G.L. Chapter 30A, section 14, to challenge a decision of the Board of Appeal on Motor Vehicle Liability Policies and Bonds (“the Board’’). After a hearing on July 20, 2007, the Board affirmed the decision of the Registry of Motor Vehicles (“Registry”) to suspend Petitioner’s driver’s license for two years, beginning on May 19, 2007, which in turn was two years after his second conviction on April 25, 2005, for operating under the influence of intoxicating liquor.
After no activity by either side, an Order of Dismissal for Lack of Prosecution issued May 14, 2008. Petitioner filed his Motion for Judgment on the Pleadings that same day. Following hearing on June 12, 2008, and for the reasons set forth below, Petitioner’s Motion is ALLOWED.
Background
The material facts of record are as follows. On April 25, 2005, Bahosh was convicted of Operating Under the Influence, Second Offense. Bahosh was sentenced to probation, informed that his license would be revoked for two years, and ordered to surrender his license. Bahosh surrendered his license to the court. Bahosh’s license expired in the normal course in June 2006, and there is no recorded attempt at renewal. After Bahosh successfully completed probation and the term expired, he proceeded to the Registry to reinstate his license. Upon his arrival, the Registry informed Bahosh that it lacked notification of his conviction, claiming the court failed to forward the required abstract of conviction to the Registry. The Registry then informed Bahosh that his license would now be suspended for two years, effective May 19, 2007. Bahosh appealed.
At his hearing before the Board, Bahosh produced affidavits from four witnesses, all of whom testified he had not driven an automobile in at least two years. Bahosh himself testified he received rides to work each day and had not driven. The Clerk Magistrate for the Worcester District Court appeared at the hearing on Bahosh’s behalf. Bahosh also submitted documentary evidence, in two slightly different versions, each version suggesting the Registry had received the abstract bearing his name, docket number, disposition date, and registration, on June 3, 2005 from the District Attorney’s Office. The Board stated it was “confused” by this latter evidence, but concluded Bahosh failed to establish statutory hardship due to the revocation, and upheld the Registry’s decision. Babosh now appeals, claiming the Board’s decision was based upon an error of law and was arbitrary and capricious.
Discussion
Standard of Review
A court may set aside an administrative agency’s final decision where the court determines plaintiffs substantial rights have been prejudiced because the decision was based upon on error of law, was unsupported by substantial evidence, or was arbitrary and capricious or an abuse of discretion. G.L. Chapter 30A, section 14(7); Connolly v. Suffolk County Sheriff's Dep’t, 62 Mass.App.Ct. 187, 192-93 (2004). The court must defer to the fact-finding function of the administrative body where there is substantial evidence to support its findings and there is no other error of law. Wheelock College v. Massachusetts Comm’n Against Discrimination, 371 Mass. 130, 133 (1976). Plaintiff bears the burden of demonstrating the invalidity of the agency decision. Bagley v. Contributory Retirement Appeal Board, 397 Mass. 255, 258 (1986); Merisme v. Board of Appeal on Motor Vehicle Liab. Policies and Bonds, 27 Mass.App.Ct. 470, 474 (1989). The reviewing court gives “due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred *326 upon it.” Connolly, 62 Mass.App.Ct. at 192. The court may not substitute its fact-finding judgment for that of the agency. “However, ‘to the extent that an agency determination involves a question of law, it is subject to de novo judicial review.’” Merisme, 27 Mass.App.Ct. at 473 (citation omitted).
Error of Law
The law in Massachusetts is that a “conviction of a violation ... shall revoke the license or right to operate of the person so convicted . . . Such revoked license shall immediately be surrendered to the prosecuting officer who shall forward the same to the registrar. The court shall report immediately any revocation, under this section, of a license or right to operate to the registrar and to the police department of the municipality in which the defendant is domiciled.” G.L.c. 90, §24(l)(b) (emphasis added).
The statutory language is clear that the conviction is the act triggering the two-year revocation, not the Registry’s notification. The provision does not state that a defendant must surrender his license to the court so the Registry may suspend his right to drive at some unknown date in the future. The repeated use of the word “immediately” suggests the Legislature intended the suspension to become effective as soon as humanly possible, upon conviction in court, for the obvious public policy reasons. It is fair to infer the Legislature did not intend that a convicted drunk driver could continue to operate if the Registry did not receive proper notification. Wharton v. Board of Appeal on Motor Vehicle Liability Policies and Bonds, 19 Mass. L. Rptr. 385, 2005 Mass.Super.LEXIS 256 (January 2005) (Muse, J.). “Such a defendant is immediately under court order supervised by probation, prohibiting his operation of a motor vehicle. Violation of that order would implicate sanctions far more severe and swift than those that might be meted out by the Registrar.” Id. at *7. See also, Brach v. Chief Justice of District Court Dept., 386 Mass. 528, 539 (1982) (“No purpose is served by permitting persons convicted of the serious motor vehicle offenses ... to retain their operators’ privileges for even a brief period”).
Moreover, once a license or right to operate has been revoked under paragraph (b) above, “the registrar shall not restore the license or reinstate the right to operate to such person, unless the prosecution of such person has terminated in favor of the defendant, until two years after the date of the conviction." G.L. Chapter 90, section 24(1)(c)(3) (emphasis added). This language further underscores to the court that the conviction date is the operative trigger, for the driver’s interests as well the public interest.
The Board relies on the Supreme Judicial Court’s decision in Brach in ruling otherwise. First, the Board states that, apparently notwithstanding the legislative amendment in 1982, still in 2007 “(t]he Board is confronted with this issue on a daily basis. There is consistently a delay in time from the date of conviction until the registry receives the abstract from the court and implements the suspension.” Administrative Record at 002. Second, the Board reads Brach to stand for the proposition that, based on the constitutional separation of powers, only the Registry has the power to suspend a driver’s license, and therefore a court conviction cannot do so, that is, “a court does not have the authority to close the gap in time that exists between the dates of conviction to the actual date when the registry effects revocation.” Id. And third, the Board ruled that in the statutory phrase “ ‘two years after the date of the conviction’ [t]he word after does not mean ‘immediately.’ ” Id. (emphasis in original).
This court disagrees with each of these legal conclusions by the Board. The court therefore determines the Board’s reliance on Brach to be misplaced, and rules that the Board’s statutory interpretation constitutes an error of law.
In Brach, the Supreme Judicial Court was faced with an earlier iteration of the statutory language, coupled with the rather ironic fact that the District Court had implemented a special administrative regulation, in an attempt to provide for the prompt surrender of licenses and suspension by the Registry. The District Court directive to each defendant to surrender his license had not been included as part of the usual sentencing or probation procedure in the two cases before the SJC, but was given solely pursuant to the administrative regulation. 386 Mass. at 531. The SJC noted that following implementation of the regulation by the District Court, the time period between conviction and subsequent license revocation by the Registry averaged three to four weeks. Id. But nothing in the facts or holding of Brach suggests that a delay of two years — when the record reflects at the very least constructive notice to the Registry by the District Attorney — need go without remedy.
The Brach court merely went on to hold that the District Court possessed neither explicit statutory nor inherent power to promulgate the administrative regulation. Id. at 533-36. It explicitly did not rule on a court’s judicial authority to accomplish license revocation. Id. at 539. In fact, the SJC suggested approaches the Legislature could take to cure the problem, and some, though not all, of those suggestions found their way into the amended statutory language mandating immediacy now at issue here. Id. at 538; Wharton at *7 (“After this decision was reported, the Legislature enacted the present statute, which is at issue”). The fact that the legislative cure may have been incomplete, and that executive implementation still lags, are insufficient bases for ruling against Bahosh in this case as a matter of law.
The Board “recognized the dilemma regarding the late receipt of the abstract.” Administrative Record at 003. However, apparently as a result of its reading of both the statute and of Brach, the Board failed adequately to credit petitioner’s legal argument. Bahosh *327 alleges it was a fundamentally unfair abuse of discretion to suspend his license in 2007, two years after he had ceased driving, based on the (justified) belief that his May 2005 conviction had already automatically suspended his license for two years. This court agrees, and sees no basis in law why Bahosh’s substantial right to drive should have been compromised anew for the failure of the system — be it the court’s failure to forward the abstract to the Registry when the conviction was entered, or the Registry’s failure to record the suspension upon receiving the abstract from the District Attorney in 2005. Cf., Russo v. Registry of Motor Vehicles and Board of Appeal on Motor Vehicle Liability Policies & Bonds, Norfolk Superior No. 07-422 (August 23, 2007) (Sanders, J.) (distinguishing the language of Section 24(1 )(b) as quite specific regarding when the license loss goes into effect, that is, “immediately”).
Conclusion
The Plaintiffs Motion for Judgment on the Pleadings is GRANTED, and judgment shall enter accordingly. The decision of the Board is set aside, and the Registry is ORDERED to reinstate Plaintiffs right to operate forthwith, unless other reasons for suspension, unrelated to this appeal, have arisen since May 2007.