Rufo, Robert C., J.
The facts are taken from the record filed as the Agency’s answer, as required by G.L.c. 30A, §14(4). On October 17, 2007, the plaintiff received notice that her application to MassHealth was denied. She was deemed ineligible due to a transfer of $24,902.56 made to her daughter on August 25, 2006. This payment was allegedly made to her daughter acting as power of attorney at a rate of $60.00 per hour for various services she performed. The Durable Power of Attorney executed on August 3, 2004 does not reference any plan for paying the daughter for services she performed in acting as power of attorney. In denying the plaintiffs application, the hearing officer stated that the services rendered were services that a daughter would perform based on a moral obligation. A traditional Power of Attorney arrangement generally does not establish a contract for payment for services rendered. Additionally, the hearing officer stated that the plaintiff did not demonstrate that the daughter’s services were paid according to fair market value. These facts, coupled with the absence of a written contract for payment, were the basis of the hearing officer’s decision that the payment made to the daughter constituted a disqualifying transfer. As a result, the Agency determined that the plaintiff was ineligible for a period of 97 days, beginning on June 1, 2007.
The plaintiffs motion for judgment on the pleadings is governed by G.L.c. 30A, §14 and Superior Court Standing Order 1-96. Pursuant to G.L.c. 30A, §14, this court may reverse, remand, or modify an agency decision if the “substantial rights of any party may have been prejudiced” because the agency decision is based on an error of law or on unlawful procedure, is arbitrary and capricious or unwarranted by facts found by the agency, or is unsupported by substantial evidence. Merisme v. Board of Appeal on Motor Vehicle Liab. Policies and Bonds, 27 Mass.App.Ct. 470, 474 (1989). The plaintiff bears the burden of demonstrating the invalidity of the agency decision. Bagley v. Contributory Retirement Appeal Board, 397 Mass. 255, 258 (1986). In reviewing an agency decision, the court is required to “give due weight to the expertise, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it” by statute. G.L.c. 30A, §14(7); Flint v. Commissioner of Public Welfare, 412 Mass. 416, 420 (1992). The reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional Vocational Sch. v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982). Nor may a court reject an administrative agency’s choice between two conflicting views, even though the court justifiably could have made a different choice had the matter been presented de novo. Zoning Bd. of Appeals v. Housing Appeals Comm’n, 385 Mass. 651, 657 (1982).
In applying the above-referenced standard of review, this court finds that the agency did not act in an arbitrary or capacious manner, and finds that substantial evidence exists to support the agency’s findings. The state Medicaid program must comply with federal directives in order to receive federal funding, and federal law requires a disqualification period if an applicant makes transfer of assets for below market *609 value. Pursuant to 130 CMR 520.019(F), an applicant will not be deemed ineligible for a transfer below market value, provided they can establish that the transfer was not exclusively made for a purpose other than qualifying for benefits, and that the individual intended to dispose of the resources at fair market value or for valuable consideration. The hearing officer, exercising discretionary authority and specialized knowledge, determined that the plaintiff did not satisfy her burden of proof. The plaintiff was not obligated to make payments by her daughter pursuant to any written agreement or the Durable Power of Attorney. Consequently, the hearing officer’s finding that assets were not transferred for fair market value or valuable consideration was not arbitrary and capricious and the decision was warranted by the facts contained within the administrative record. After a complete review of the submissions of the parties, plaintiffs Motion for Judgment on the Pleadings is DENIED.